LULER HAMPTON, ADMINISTRATRIX AD PROSEQUENDUM
OF CHARLES HAMPTON, DECEASED, PLAINTIFF-
RESPONDENT, v. THE PENNSYLVANIA RAILROAD
COMPANY AND LLOYD C. STEWART, DEFENDANTS-
APPELLANTS.

HERBERT CLEMENT, PLAINTIFF-RESPONDENT, v. THE
PENNSYLVANIA RAILROAD COMPANY AND LLOYD C.
STEWART, DEFENDANTS-APPELLANTS.

Argued February 7, 1935—Decided May 17, 1935.

For the respondents *Richard J. Mackey.*

For the appellants, *Wall, Haight, Carey & Hartpence.*

The opinion of the court was delivered by

PERSKIE, J.   Case No. 24 (Hampton *v.* Pennsylvania Rail-
road Co. et al.) is a representative suit under our Death act.
*Pamph. L.* 1913, *ch.* 287, *p.* 586; *Cum. Supp. Comp. Stat.*
1911-1924, *pp.* 927, 928.   During the trial of this cause the
judge permitted the witness, George F. Salter, an insurance
actuary, to testify from mortality tables, the authenticity of
which is not challenged (*Notto* v. *Atlantic City Railroad Co.*,
75 *N. J. L.* 826), as to the expectancy of life of the deceased
and his widow.   There was no objection to this testimony.
The trial judge also permitted the same witness, over objec-
tion and exception, to testify as to the expectancy of life of
the three children of the decedent and widow, who were of

the ages of sixteen, fourteen and twelve years, respectively. The testimony was that the expectancy of life of these children, based on the mortality tables, was in the order of their ages above stated, forty-four and three-tenths, forty-five and seven-tenths and forty-seven and three-tenths years, respectively.

Appellants urge, but offer no authority in support thereof, that the admission of this testimony constituted reversible error. We do not think so.

It is fundamental that evidence is admissible when it is relevant, material and competent. *Apfelbaum* v. *Prudential Insurance Company of America,* 12 *N. J. Mis. R.* 62; 169 *Atl. Rep.* 677.

In the case of *Camden and Atlantic Railroad Co.* v. *Williams,* 61 *N. J. L.* 646, this court considering the propriety of the admission of the Carlisle Table of Mortality, held that standard mortality tables may be used, in a judicial proceeding, to aid in determining the probable duration of human life; that they do not furnish an absolute rule of computation; they, however, may help to form the judgment. But the authenticity of the mortality table used must be established by competent evidence. *Notto* v. *Atlantic City Railroad Co., supra.* And this court in the case of *Dickerson* v. *Mutual Grocery Co.,* 100 *N. J. L.* 118, by Mr. Justice Parker, extended the admissibility of mortality tables ("Carlisle Table of Mortality" and the Chancery table based thereon), to damage suits at law, in other than those involving death, and where the probable duration of life of a living plaintiff is a factor in the appraisal of damages, subject, however, to proper precautionary instructions, *i. e.,* explanation and limitation of the evidential force and value of such testimony, by the trial judge to the jury. Again, this court in *Auer* v. *Sinclair Refining Co.,* 103 *Id.* 372, by Mr. Justice Trenchard, held (at *p.* 375):

"* * * in a damage suit at law the rule is that an expert witness may make use of the Carlisle table of mortality for the purpose of showing the average expectancy of human life, or the present value of the alleged loss of income based on

that expectancy, when [as here] such matters are factors in the appraisal of damages. *Camden, &c., Railroad Co.* v. *Williams, supra; Notto* v. *Atlantic City Railroad Co., supra; Dickerson* v. *Mutual Grocery Co., supra; Steinbrunner* v. *Pittsburgh, &c., Railroad Co.,* 146 *Pa. St.* 504; *Shover* v. *Myrick,* 4 *Ind. App.* 7." Compare *Apfelbaum* v. *Prudential Insurance Company of America, supra; Hendershot* v. *New York, Susquehanna and Western Railroad Co.,* 5 *N. J. Mis. R.* 727, 732; *Mandell* v. *Public Service Trans. Co.,* 7 *Id.* 954.

On these well established principles of law we approach the concrete problem presented. What were the determinative factors in appraising the damages sustained by the children? The pertinent provision of the Death act, *supra,* is as follows:

"* * * *and in every such action, the jury may give such damage as they shall deem fair and just with reference to the pecuniary injuries resulting from such death to the wife, surviving husband, and next of kin of such deceased person; * * *.*" The act is clear. What was the deprivation of the money advantage that would have issued to them for and during the reasonable expectancy of life of the deceased? It is well settled that the damages, if awarded, are such as the jury shall deem fair and just with reference to the pecuniary loss sustained by the next of kin. There is, of course, no standard formula which can invariably be applied in all cases in order to determine what may be deemed the fair and just damages with reference to the pecuniary loss, if any, thus sustained. Many and varied are the facts and circumstances which enter into the composite result reached in a given case. The particular facts and circumstances therefore of each case are controlling. Not the least of such proofs are the age, health and expectancy of life of the next of kin (see *Tischler* v. *West Jersey and Seashore Railroad Co.,* 110 *N. J. L.* 473; 166 *Atl. Rep.* 485); they form the very foundation upon which a fair and just judgment may be reached by the fact-finding body. True, the longest period of expectancy of the next of kin can in no event exceed the period

of expectancy of the life of the deceased, but it may well be, and for many reasons, for example such as advanced age, poor health, changed circumstances, and the like, for a shorter period than the average period of expectancy of life of the deceased. The use of authenticated standard mortality tables are the result of intelligent and scientific research based on actual human experience. Of necessity they not only may be but often are of great help to the jury in their deliberations to reach a judgment. Such proof is obviously relevant, material and competent.

We are clearly of the opinion that reason and logic impels the conclusion that proper mortality tables, subject to precautionary instructions, are admissible as to the period of expectancy of life of the next of kin on the question as to what is the fair and just damage sustained by them with reference to the pecuniary injuries resulting from the death of the decedent just as such tables are admissible to show the average expectancy of life of the decedent. The trial judge very fully, carefully and accurately explained and limited the evidential force and value of the proofs so admitted.

We have carefully considered all other grounds of appeal assigned and argued in this case as well as those in case No. 28 (Clement *v.* Pennsylvania Railroad Co. et al.) and hold them to be without merit.

Judgment in each case is affirmed, with costs.

Case No. 24—

*For affirmance*—PARKER, BODINE, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, JJ. 6.

*For reversal*—THE CHIEF JUSTICE, CASE, DONGES, HEHER, KAYS, JJ. 5.

Case No. 28—

*For affirmance*—THE CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—None.