RUTH SIMON, PLAINTIFF-RESPONDENT, v. GRAHAM BAKERY, DEFENDANT-APPELLANT.

Argued January 31, 1955—Decided February 28, 1955.

*Mr. John F. Leonard* argued the cause for the appellant.

*Mr. Isadore Waks* argued the cause for the respondent (*Mr. Sam Weiss*, on the brief).

The opinion of the court was delivered by

VANDERBILT, C. J. The plaintiff purchased a loaf of bread at the defendant's bakery and retail store. She took the bread home, wrapped it up, and four days later cut it for the first time. When she bit into the first slice she felt a sharp pain in her mouth, and upon removing the bread from her mouth discovered a piece of glass embedded in it. She brought suit against the defendant for medical expenses and pain and suffering in connection with her injury. Prior to trial the plaintiff's attorney advised the court and the defense counsel that he was proceeding solely on the theory of breach

of implied warranty, and abandoned any claim based on the defendant's negligence.

On the defendant's case Mr. Hoffnung, the president of the defendant corporation which owned and operated the bakery and retail store, testified. Counsel requested the witness to describe the procedure used in the making of this bread, to which objection was made by the plaintiff's counsel on the ground that the action was based on breach of implied warranty, that negligence was not an issue, and that consequently this testimony was irrelevant. The trial court sustained the objection, refusing to admit this testimony as well as similar testimony of three other witnesses called by the defendant. The jury returned a verdict of $325 in favor of the plaintiff, which was affirmed by the Appellate Division of the Superior Court, 31 *N. J. Super.* 117, and we granted the defendant's petition for certification to review that judgment. 16 *N. J.* 196.

■■ The defendant contends that the trial judge erred in excluding the proffered testimony of Mr. Hoffnung and the other three witnesses as to the manner in which the bread was prepared, claiming that an action based on implied warranty is fundamentally a tort action, that *R. S.* 46:30–21(1) in imposing this liability upon the seller merely supplies a *prima facie* case of lack of reasonable care, and that the defendant is entitled to controvert the *prima facie* case. *R. S.* 46:30–21(1), which is section 15 of the Uniform Sales Act, is admittedly applicable to the situation here:

"Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

This section merely declares and codifies the common law, *Nisky v. Childs Co.*, 103 *N. J. L.* 464, 466 (*E. & A.* 1927), *Green Mountain Mushroom Co. v. Brown*, 117 *Vt.* 509, 95 *A. 2d* 679, 682 (*Sup. Ct.* 1953). Although historically the liability was based on tort and the action was on the case,

*Maryland Casualty Co. v. Independent Metal Products Co.,* 99 *F. Supp.* 862, 867 (*D. C. Nebr.* 1951), affirmed 203 *F. 2d* 838 (*8th Cir.* 1953); *Ames, History of Assumpsit,* 2 *Harv. L. Rev.* 1, 8 (1888), 1 *Williston, on Sales* (1948 *ed.*), 501 *et seq.*, it is now generally held that the warranty which is implied as a matter of social justice, arises out of contract, *Tomlinson v. Armour & Co.,* 75 *N. J. L.* 748, 754 (*E. & A.* 1908); *Cornelius v. B. Filippone & Co., Inc.,* 119 *N. J. L.* 540, 541 (*Sup. Ct.* 1938); *Duncan v. Juman,* 25 *N. J. Super.* 330, 333 (*App. Div.* 1953); *Blessington v. McCrory Stores Corp.,* 305 *N. Y.* 140, 111 *N. E. 2d* 421, 423, 37 *A. L. R. 2d* 698 (*Ct. App.* 1953); 37 *A. L. R. 2d* 703, 1 *Williston, supra,* 464, 506, 617. This view has caused some difficulty where the cause of action has been for personal injuries as distinguished from ordinary damages arising from breach of contract, particularly with regard to the applicable statute of limitations, *Annotation,* 37 *A. L. R. 2d* 703. We are not, however, faced with that problem here.

 The plaintiff's action here is based on the implied warranty set forth in *R. S.* 46:30–21(1), *supra,* and it does not depend upon proof of the negligence of the defendant. Clearly the testimony, if offered for the sole purpose of proving due care in the preparation of the bread, would be irrelevant. The defendant is liable for a breach of the implied warranty imposed under this statute "notwithstanding he used all care to prevent a breach," *Tomlinson v. Armour & Co., supra,* 75 *N. J. L.* 748, 754; see *Caskie v. Coca-Cola Bottling Co., Inc.,* 373 *Pa.* 614, 96 *A. 2d* 901, 903 (*Sup. Ct.* 1953); *Green Mountain Mushroom Co. v. Brown, supra,* 117 *Vt.* 509, 95 *A. 2d* 679, 681; *Tremeroli v. Austin Trailer Equipment Co.,* 102 *Cal. App. 2d* 464, 227 *P. 2d* 923, 930 (*D. Ct. App.* 1951).

 It is quite apparent, however, that the proffered testimony was admissible for another purpose, *i. e.,* to refute the inference that the jury might otherwise draw that the piece of glass was in the bread when it was purchased. In order to recover here the plaintiff must prove: (1) that he made

known to the seller the particular purpose for which the bread was purchased; (2) that he relied on the seller's skill or judgment; (3) that he used the goods purchased for this particular purpose; (4) that the goods when purchased were not reasonably fit for this purpose; (5) that he suffered damage from the breach of the implied warranty. Evidence of proper care and handling in the preparation and sale of the bread was evidential on point (4) as tending to negative the plaintiff's testimony that the glass was in the bread when purchased.

It is well settled that the relevancy of testimony must be tested by its probative value with respect to the points at issue, *De Cicco v. Marlou Holding Co.*, 137 *N. J. L.* 186, 189 (*E. & A.* 1948), and all relevant evidence is to be admitted unless some specific rule forbids it, *In re Vince*, 2 *N. J.* 443, 457 (1949); 1 *Wigmore on Evidence* (1940 *ed.*), *sec.* 10. In *Brown v. Nevins*, 84 *N. J. L.* 215 (*Sup. Ct.* 1913), the defendant gave the plaintiff a written guaranty as to the work he had done on houses owned by the plaintiff, warranting that the roofs would remain watertight for ten years and that he would repair them if they leaked as a result of reasonable wear and tear. Subsequently the roofs became leaky and the plaintiff, after making repairs at his own expense, brought an action against the defendant for breach of warranty, which resulted in judgment in his favor for $200. On appeal the defendant asserted several grounds for reversal, one of which was the trial judge's refusal to permit counsel to question the defendant on direct examination as to whether the leaks were caused, not by the faulty roofs, but by broken flues. The Supreme Court held that the trial court improperly excluded such testimony since "the defendant was entitled to show that the leaks were due to a different cause for which he was not responsible" (84 *N. J. L.*, at *page* 218). It then held that the error was not prejudicial because later in the trial the defendant was permitted to offer similar testimony. This is in keeping with the general rule that proper evidence of compliance with a warranty is

admissible on the issue of its breach; see *Hall v. Berg-schneider*, 265 *Ill. App.* 118, 122 (*Ill. App.* 1932); *Smith v. Great Atlantic & Pacific Tea Co.*, 170 *F.* 2d 474, 478 (*8th Cir.* 1948); *Tornello v. Deligiannis Brothers, Inc.*, 180 *F.* 2d 553, 555, 556 (*7th Cir.* 1950); *Keim v. D. B. Berelson & Co.*, 105 *Cal. App.* 2d 154, 233 *P.* 2d 123, 127, 128 (*D. Ct. App.* 1951); 77 *C. J. S., Sales*, § 366, *p.* 1291.

▮▮▮ Here there is no reason for excluding this testimony which was clearly relevant on this particular issue, and such evidence should have been admitted by the court for consideration by the jury under proper instructions as to the purpose for which such evidence was to be considered by them. The burden of proof was upon the plaintiff to show that the glass was in the bread when purchased. The test to be applied was whether the circumstances shown were such as to justify an inference of probability as distinguished from mere possibility, *Flexmir, Inc., v. Lindeman & Co.*, 4 *N. J.* 509, 514 (1950). Certainly the defendant may meet the plaintiff's proofs on this issue by showing the manner in which the bread was prepared and handled in its bakery and retail store. There was a four-day interval between the time the bread was purchased and the plaintiff incurred her injury, so a jury question was presented as to whether the glass was in the bread at the time of the purchase, as claimed by the plaintiff, or whether it never was in the bread, or at least arrived there subsequent to the purchase, as argued by the defendant. The failure to permit the defendant to present this evidence was prejudicial error requiring reversal and remand for a new trial.

▮▮▮ The plaintiff contends, however, that the defendant is barred from raising this issue on appeal, claiming that the testimony in question was offered by the defendant in the trial court for the sole purpose of showing the absence of any negligence on its part, an issue which, as we have seen, is not involved in this case, and was not tendered for the legitimate purpose of showing that the glass was not in the bread when purchased. The appeal is presented to us on

the trial court's statement of the proceedings below, which on this particular point sets forth the following:

"The defendant offered as a witness a Mr. Hoffnung, who testified that he was president of the defendant corporation; that the defendant owned and operated the bakery and retail store connected therewith at 229 Graham Ave., Paterson, N. J. Counsel then requested the witness to describe the procedure used in the manufacture of its bread, to which objection was made by the plaintiff's counsel, on the ground that the action was based on breach of implied warranty that the bread as sold by the defendant was fit for human consumption, and that the action was not based on negligence in the preparation and manufacture of the bread. Consequently the method and care used in its manufacture was irrelevant to the determination of the issue as to whether or not there had been a breach of implied warranty of the product's fitness for human consumption. Defendant's counsel stated that there were three other employees of the defendant in the court room who were prepared to testify as to the method used by the bakery in the preparation and manufacture of its products, but for the same reason their proffered testimony, on the objection of plaintiff's counsel, was excluded by the Court."

From this statement we cannot say that the testimony was offered solely for the irrelevant purpose of proving the absence of negligence on the defendant's part.

The judgment of the Appellate Division is reversed and the matter will be remanded to the trial court for a new trial.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For affirmance*—None.