FARRINGTON, OTIS, Associate Judge.
This is an appeal from an order granting a new trial after a jury verdict and judgment for the defendant in a case arising out of a collision between two automobiles. The parties will be referred to as they stood in the trial court.
The collision occurred on Central Avenue at the intersection with 58th Street in the City of St. Petersburg, Florida. Prior to the collision plaintiff Miller was driving his Ford Thunderbird convertible automobile west on Central Avenue, while the defendant was driving a Pontiac automobile facing east on Central Avenue. Defendant attempted a left turn across the west-bound traffic lane in which plaintiff was driving, resulting in the collision. Plaintiff’s Thunderbird left skid marks measuring 54 feet prior to impact. Defendant’s automobile left no skid marks pri- or to impact.
The speed limit on Central Avenue at the point of collision was shown to be 35 miles per hour. Both plaintiff and his wife testified that at no' time in the course of the drive culminating in the accident did the speed of their automobile exceed 35 miles per hour.
Defendant produced as a witness one Charles Carroll who testified that shortly prior to the accident he (Carroll) was driving west on Central Avenue between 49th and 50th Streets (about mile from scene of accident) at approximately 30 miles per hour when the Thunderbird which was subsequently involved in the accident passed him going in the same direction at a speed which Carroll estimated as double the speed of Carroll’s vehicle, that he kept the Thunderbird in sight for possibly two *891 or three blocks, but that it passed from sight prior to the scene of the accident.
Before Carroll testified plaintiffs attorney objected to his anticipated testimony on the ground that testimony as to the speed of plaintiffs vehicle at a point eight blocks from the accident scene was too remote to have any probative value. In overruling this objection the judge stated out of the presence of the jury that although the testimony would have no bearing on the accident itself, it would go to the weight or credibility of the testimony of plaintiff and his wife to the effect that plaintiff had not exceeded the speed limit prior to the accident. The ruling of the trial judge that the evidence was admissible for rebuttal purposes as against objection on the ground of remoteness is not an issue in this appeal since the judge’s • subsequent order striking Carroll’s testimony was on other grounds. See Annot., 46 A.L.R.2d 9, 61, for discussion of admissibility of such testimony for rebuttal purposes.
On cross-examination the witness Carroll receded somewhat from the positiveness of his direct testimony that the Thunderbird automobile which passed him approximately eight blocks from the accident was the vehicle subsequently involved in the accident, with the result that the court granted plaintiff’s motion to strike the witness Carroll’s testimony as appears from the following excerpts from the trial transcript :
“Q What color was that Thunderbird convertible?
■“A It was a light color. I assume it was a light tan or coral.
"Q Well, did you examine the automobile when you arrived at the scene of the accident?
“A No. Not closely.
“Q Well, was it tan or was it yellow, or what color was it ?
"A It was dark. I am assuming that it was tan. Tan.
“Q Mr. Carroll, do you know what color that automobile was?
“A Definitely, to say definitely, no. It was a light colored automobile.
“Q All right, sir. Now, did you notice any of the occupants of that automobile ?
“A Yes. There was a lady, and I believe a child.
“Q And did you see the driver of that automobile ?
“A Yes.
“Q And who was the driver?
“A I — I assume that it was Mr. Miller. I couldn’t identify him. The man that was driving the car was wearing a white jacket and dark trousers.
“Q And you saw this as he went by you 70 miles an hour on that — on your left side?
“A I didn’t say that. I saw his white jacket and dark trousers at the scene of the accident. I didn’t see him in the automobile, no.
“Q Mr. Carroll, I am going to ask you a bare question; can you swear under oath that the car that passed you was the car‘that was involved in the collision?
“A No, sir.
“Q —the Thunderbird Automobile. Sir?
“A No, sir, I could not swear that under oath, because I did not get the license number.
"Q All right. Now, from the time that you — that this particular Thunderbird passed you, between 49th and 50th Street, your testimony is that you did not keep that car in your sight; is that correct?
*892 “A Not to the scene of the accident, no sir.
“Q Well, how far did you keep this car in sight?
“A Possibly two or three blocks. ******
“Q If I were to tell you and prove to you that that automobile was yellow, would that change your story? The automobile involved in the collision?
“A I haven’t stated what color it was. It was a light colored automobile.
“Q Mr. Carroll, you stated that automobile was tan, that passed you. If you want me to have it read back to you, I will.
“A I said it was dark. I assume it was tan.
“Q The truth' of the matter is you don’t know whether the automobile this man was driving is the car involved in that accident; do you ?
“A I stated while ago I couldn’t swear this was the car. I answered that question.
******
“Q I say when this automobile — light colored automobile, Thunderbird automobile, passed you between 49th and 50th Street on Central, did you notice the occupants in the car?
“A No, sir, the top was up.
“Q You did not?
“A No. No, I could not see the occupants in the car.
"Q So, you don’t know who was in the car?
“A I couldn’t identify them.
“Q I mean the number and the type of occupants ?.
“A No, I couldn’t identify the number of people in the car at the time it passed me.
“Q Well, did you — did you note any of the occupants in the car?
“A Other than there were just people in the car. I knew there was at least two people in it.
“Q All right. Did you see two people - in the car? «
“A Yes, I did see two people in the-car; the driver and someone sitting in the front seat.
“Q All right. Was the driver a male- or female?
“A At night, I couldn’t answer that..
“Q All right. Was the passenger male or female ?
“A I couldn’t answer that, either
“THE COURT: The Court’s ruling previously then, was evidently based on a misunderstanding of what this witness testified to.
“MR. HUNNICUTT: I appreciate that, your Honor, because this—
“THE COURT: All right. In view of this, the Court is going to grant your motion to strike this witness’ testimony.
“MR. HUNNICUTT: Thank you,, your Honor.
“THE COURT: You are excused.. (Witness excused).
“THE COURT: The testimony of this witness — the entire testimony of' this witness will be stricken from the-record and the jury is instructed to disregard every bit of testimony that this witness has given. Do you understand that?”
At the conclusion of the trial the jury-returned its verdict for the defendant. Thereafter on motion of plaintiff the trial’ *893 court entered an order granting a new trial, giving as reason therefor “that the testimony of this witness [Carroll] was so prejudicial as to be incurable by the Court’s cautionary remarks to the jury; that neither rebuke nor retraction entirely destroyed the influence of this witness’s testimony to the jury and that this witness’s testimony opened the minds of the jury to improper speculation.”
It is clearly indicated by the Court’s order granting a new trial as well as the Court’s statement at the time of ordering Carroll’s testimony stricken that the reason for the Court’s ruling that Carroll’s testimony was improper for consideration by the jury was inconclusiveness of identification rather than remoteness. We therefore turn to the ’question of whether Carroll’s testimony identifying the vehicle which passed him eight blocks from the scene of the accident as plaintiff’s vehicle was so inconclusive as to require that his testimony as to the speed of such vehicle in passing him be effectively erased from the minds of the jury as a prerequisite to a valid verdict.
On page 29 of an extensive annotation appearing in 46 A.L.R.2d 9, we find the following pertinent language:
“ * * * [H]ow should a vehicle or driver observed at a remote point be identified as one involved in an accident so as to lay a sufficient basis for introduction of evidence as to the manner in which the vehicle was operated at the remote point? ‘Identification need not be positive; it may be circumstantial. * * * But such evidence must be of such a nature as to remove it from the realm of mere speculation.’ Myers v. State (1951) 93 Okla.Crim. 209, 226 P.2d 451.”
The New Jersey Supreme Court in a well-reasoned opinion in Miller v. Trans Oil Co., 1955, 18 N.J. 407, 113 A.2d 777, wherein the testimony as to the certainty of identification of the vehicle which passed the witness at a point three-quarters of a mile from the accident as the one involved in the accident was quite comparable to Carroll’s testimony in this case, the problem under consideration is discussed as follows:
“The appellant in his brief with dramatic emphasis says the bell tolled by the jury did not have a clear sound. It was muffled by a palpable impediment in the purity of tone, and the fact that an unidentified black sedan three-quarters of a mile away had a minute before the accident cut off Hollyer does not, without more, afford a basis for a rational inference that the plaintiff driving his car caused the collision with a tractor-trailer. Neither the question nor Hollyer’s answer could have any possible legal relevancy unless and until it was preceded or augmented by some evidence pointing to the car that cut off Hollyer as that of the plaintiff. The predicate of relevancy was entirely lacking.
“We cannot subscribe to this reasoning as the authorities by overwhelming weight seemingly hold that although the witness’ testimony deviates and is not positive, it nevertheless is admissible where he has actually observed a fact, even though he exhibits some deficiency in his observation. 3 Wigmore, Evidence (3d ed. 1940), §§ 726—728.
“It is well settled that the relevancy of testimony must be tested by its probative value with respect to the points at issue, DeCicco v. Marlou Holding Co., 137 N.J.L. 186, 189, 59 A.2d 227 (E. & A. 1948), and all relevant evidence is to be admitted unless some specific rule forbids it. Simon v. Graham Bakery, 17 N.J. 525, 111 A.2d 884 (1955); Hampton v. Pennsylvania R. R., 115 N.J.L. 168, 169, 179 A. 101 (E. & A. 1935).
*894 “In Kuczynski v. Humphrey, 118 N.J. L. 321, 326, 192 A. 371 (Sup.Ct.1937), it was said:
“ ‘In civil cases, it is generally sufficient if the circumstantial evidence he such as to afford a fair and reasonable presumption of the facts inferred. Circumstantial or presumptive evidence, as a basis for deductive reasoning in the determination of civil causes, is a mere preponderance of probabilities. The evidence, though not reaching the pinnacle of certainty, is yet sufficient to sustain the burden of proof if it attain the level of probability.’
“In Walsh v. Murray, 315 Ill.App. 664, 43 N.E.2d 562 (App.Ct.1942), the factual situation was closely analogous to the present case. There two officers, deputy sheriffs, were on the same highway being traveled by the appellant and were going in the same direction. About a half mile from an intersection a green sedan passed them at a rapid rate of speed and disappeared around a curve in the road. The officers proceeded until they came to the curve, which was about a quarter of a mile from the intersection, when they saw that an accident had occurred. They then increased the speed of their car, passing all cars between them and the intersection. On arriving at the scene of the accident, they found a green sedan involved answering the description in color and design as the one that had just passed them. This was appellant’s car.
“One of the officers stated that in his opinion the green car was traveling about 60 miles an hour when it passed their car. Only a few seconds elapsed between the time the green car passed the officers and their arrival at the scene of the accident. They saw no other green car. Blackburn testified that no car passed through the intersection between the time of the accident and the arrival of the officers. The court held (43 N.E.2d at page 564):
“ ‘Under such circumstances, we do not consider the admission of the testimony of the officers regarding the speed of the green car at the time it passed them, to constitute error. The facts and circumstances in evidence, were proper for the consideration of the jury upon the question of the identity of appellant’s car, and whether the speed at which it was traveling at the time it passed the officers was maintained to the place of the accident.’
“To the same effect is Carr v. Blackstock, 319 Ill.App. 369, 49 N.E.2d 279 (App.Ct.1943). There the defendant admitted driving a black Packard automobile at a constant rate of speed for many miles prior to the accident. Testimony that a black Packard automobile going 70 miles an hour passed the plaintiff’s automobile prior to the accident and some distance from the scene was held admissible. The fact that the witness who so testified was unable to' identify the driver of the Packard as the defendant did not render that testimony inadmissible, but went to the weight of the evidence rather than to its admissibility.
“As stated by the Appellate Division in its opinion below:
“ ‘The fundamental proposition involved here is that all relevant evidence is to be admitted unless some specific rule forbids it. * * * By relevant evidence is meant any evidence having a tendency in reason to prove a matter in issue.’
“While acknowledging this rule is not universally accepted, some authorities prescribing ‘legal relevancy’ and not *895 mere relevancy as the test of admissibility, the Appellate .Division noted:
“‘New Jersey does not accept this concept of legal relevancy, and it has been rejected by the Uniform Rules and the Model Code. Morgan, Model Code, supra, pp. 31-34; James, 29 Cal.L.Rev. 689 (1941); Trautman, 5 Vanderbilt L.Rev. 385 (1952); cf. Montrose, 70 L.Q.Rev. 527, 555 (1954). As stated in the Model Code, supra, p. 178, “it would be as futile as it would be unwise to attempt to prescribe measurements of logical value.” ’
“Justice and common sense, fused by enlightened reasoning, engender a legal philosophy embodying the abolition of all obstacles having a tendency to deprive the jury of any facts, however remotely relevant or from whatever source, which gravitate toward assisting them in arriving at a correct solution of the factual equation confronting them. Intellectual productiveness is not increased nor is the truth maintained by withholding circumstances which may shed some helpful light.
“We see no error in the admission of the questioned testimony.”
In this case the witness Carroll could not testify positively that the light colored Thunderbird convertible automobile which sped past him eight blocks from the scene of the accident was the same automobile he later observed at the accident scene. In this day of mass production of automobiles, positive identification of an automobile briefly observed while in motion is seldom possible. However, the witness testified to facts which would support a strong inference that the vehicle described by the witness was the same one involved in the accident. Cross-examination emphasized the weakness of his identification for the scrutiny of the jury. We are of the opinion that the objection to Carroll’s testimony based on inconclusiveness of identification should have been overruled and the testimony admitted, leaving its weight to the determination of the jury. See Hernandez v. H. S. Anderson Trucking Co., Tex.Civ.App.1963, 370 S.W.2d 909; Wilson v. Fleming, 1921, 89 W.Va. 553, 109 S.E. 810; Fretz v. Anderson, 1956, 5 Utah 2d 290, 300 P.2d 642; Miller v. Trans Oil, supra; MacCurdy v. United States, N.D. Fla.1956, 143 F.Supp. 60; II Wigmore, Evidence § 658, p. 768 (3d ed.).
Being of tire opinion that Carroll’s testimony should have been received, we hold that it was error to grant a new trial based on the trial court’s determination that his order striking the questioned testimony was insufficient to destroy the influence of the questioned testimony on the minds of the jury.
Appellee contends under the holding in the case of Cloud v. Fallis, Fla.1959, 110 So.2d 669, the trial judge has the duty of granting a new trial when he concludes that the verdict is against the manifest weight of the evidence and that the trial judge properly acted within his broad discretion in so doing. This principle is inapplicable here since the judge made no finding that the verdict was against the manifest weight of the evidence. On an appeal from an order granting a new trial this Court is limited to a review of the grounds for such order set forth by the trial judge. Bach v. Miami Transit Co., Fla.App. 1961, 129 So.2d 706. In this case the order granting a new trial was based solely on the trial judge’s finding that the jury was improperly influenced by Carroll’s testimony which the trial judge deemed inadmissible. Since we have determined that the questioned testimony was proper for consideration by the jury, the reason given by the trial judge for granting a new trial fails.
The order granting plaintiff’s motion for a new trial appealed from is reversed with direction to enter judgment upon the verdict of the jury.
SMITH, C. J., and ALLEN, J., concur.