194 So.2d 3 (1967)
S.J. BOUTWELL and Minnie Lee Boutwell, Individually, and d/b/a Gulf Wind Motel, Appellants,
v.
Guy W. BISHOP, a Minor, by His Father and Next Friend, Robert Bishop, and Robert Bishop, Individually, Appellees.
No. H-340.
District Court of Appeal of Florida. First District.
January 12, 1967.
Rehearing Denied February 6, 1967.
*4 Isler & Welch, Panama City, for appellants.
Davenport, Johnston, Harris & Urquhart, Panama City, for appellees.
WIGGINTON, Judge.
Appellants, who were defendants in a personal injury action, have appealed an order setting aside a jury verdict in their favor and granting plaintiffs a new trial. It is appellants' contention that the trial court applied an incorrect principle of law in concluding that it had committed prejudicial error in admitting, over plaintiffs' objection, certain evidence offered by defendants during the trial, which error is the basis of the order appealed herein.
Appellees filed their complaint against appellants, the owners and operators of a motel, charging defendants with negligence in failing to maintain their premises in a reasonably safe condition so as to avoid injury to the plaintiff minor child. The act of alleged negligence consisted of the installation and maintenance by defendants of a sliding glass door in the motel unit rented to appellees, which glass door was made of an unsafe material and failed to bear any signs warning guests of the motel of the presence of the glass door which otherwise gave the illusion of an open and unobstructed way of ingress and egress to the motel room. The complaint alleges that as a proximate result of the defendants' negligence, the plaintiff minor child suffered severe and permanent injuries when he attempted to exit from the motel room through the closed unmarked glass door, for which injuries plaintiffs sought damages. To the complaint defendants filed their answer asserting defenses of general denial, assumption of risk, and contributory negligence.
During the pleading stage of the case, plaintiffs served on defendants twenty written interrogatories, each of which was answered in due course. While presenting their evidence in chief during the trial, plaintiffs offered in evidence seven of the interrogatories, together with the answers thereto given by defendants.[1] These in *5 terrogatories relate to the type of material used in constructing the motel room, including the size of the wall, the glass panel and glass door installed therein. The interrogatories also seek information as to whether any other guests had in the past been injured by coming into collision with the glass panels and doors installed in the several motel units. The obvious purpose of this evidence was to apprise the jury, through the defendants' own testimony, of the size and condition of the glass door which injured the plaintiff minor child, and to support plaintiffs' allegations that the door constituted a dangerous hazard to the guests of the motel and had in fact injured other guests who on other occasions had come into collision with glass doors installed in the motel units.
During the presentation of their evidence in chief, the defendants offered in evidence the remaining thirteen interrogatories propounded to them by plaintiffs, together with their answers thereto.[2] Among the interrogatories and answers offered in evidence was the one numbered 17, and which is as follows:
"Question: State in detail defendants' version of how the casualty in question occurred and give all sources of information upon which such version is based including the names and addresses of all persons providing any such information.
"Answer: Neither of the defendants was permitted to talk with any eye witnesses. However, the defendants are informed that Mrs. Bishop and Mrs. Katherine Smith were in the unit, and Mrs. Bishop was at the stove with her back to the sliding glass door when Guy Bishop came in from the back where he had been playing. Guy Bishop opened the glass sliding door and came in the room asking for some cookies. The draperies were drawn open. Guy got the cookies himself and turned around and proceeded to run back toward the sliding glass door. He ran approximately seven or eight feet across the room before striking the glass door and passing through it."
Plaintiffs promptly objected to the introduction in evidence of interrogatory number 17 above quoted on the ground that they did not have a right to cross-examine those persons giving the information contained in the answer. The objection was overruled and the interrogatory and answer admitted in evidence.
At the conclusion of the trial the jury rendered its verdict in which it found for the defendants. Written on the verdict beneath the signature of the foreman was the following:
"It is sincerely regretful that young Guy Bishop had this unfortunate accident; however, it is felt that the plaintiff has not proven that defendants have acted in a negligent manner or failed to take reasonable precautionary measures."
Upon reception of the verdict, and its reading by the clerk, the court announced that the memorandum quoted above appearing on the verdict beneath the foreman's signature was not any part of the verdict, and only that part appearing above the foreman's signature would be considered as the verdict in the case.
One of the grounds of plaintiffs' motion for new trial challenged the correctness of the court's order overuling their objection to the introduction in evidence of interrogatory 17 mentioned above. In its order *6 granting plaintiffs' motion for new trial, the court specifically held that it was convinced that it erred in allowing the defendants to introduce in evidence interrogatory 17 and defendants' answer thereto, which error was harmful and prejudicial to the plaintiffs.
It is the established rule in this state that the granting of a new trial lies largely within the sound discretion of the trial judge, and his order will not be disturbed except upon a clear showing of an abuse of discretion. This is particularly true when the order granting the new trial is based upon evidentiary grounds.[3] The broad discretion rule accorded orders granting a new trial on evidentiary grounds is applied in a much more restrictive sense when the ground for granting the new trial involves a question of law. In reviewing orders of this kind, the appellate court is on the same footing as the trial judge in determining the correct principle of law to be applied to the admitted facts in the case, and the broad discretion rule loses much of its force and effect.[4] This is not to say, however, that even in cases of this kind the order should not be considered presumptively correct, and the burden is on appellants to clearly demonstrate error.
First we examine the interrogatory and answer thereto which forms the basis of the order granting a new trial in light of the objection to its admission in evidence made by plaintiffs during the course of the trial. The sole ground of objection expressed at the time the interrogatory was offered in evidence was that plaintiffs had no right to cross-examine those persons giving the information set forth in the answer. The question to which the answer responded requested the defendants to state in detail their version of how the casualty occurred, to give all sources of information on which their version is based, including the names and addresses of all persons providing any such information. The question called for an opinion of the witnesses respecting their version of the casualty, and contemplated that the information which would form the basis of their answer would be hearsay evidence consisting of statements of other persons. In giving their answer defendants named Mrs. Bishop, mother of the minor plaintiff, and a Mrs. Katherine Smith, as persons who were in the motel unit at the time the casualty occurred. The names of no other persons from whom defendants might have secured information relative to the casualty were stated. It is therefore a reasonable interpretation of the answer that the two persons named in defendants' reply, although not eyewitnesses to the occurrence, were the only ones from whom information was secured which formed the basis of defendants' version as to how the casualty occurred. The answer was served and filed sufficiently far in advance of trial to have permitted plaintiffs to examine by deposition the persons named, or to have examined defendants by deposition to discover if there were other persons whose information formed the basis for defendants' answer. It would therefore appear that on the face of defendants' answer itself, plaintiffs' objection to its admissibility was not well founded since ample opportunity was provided them in advance of trial to depose and cross-examine the persons whose information formed the basis of defendants' version of the casualty. There is likewise nothing in the record to indicate why plaintiffs could not have called as witnesses at the trial the persons named in the answer, as well as the defendants, for examination and cross-examination, if such had been desired. We therefore conclude that the trial court did not err in overruling plaintiffs' objection to the interrogatory on the ground stated at the time it was offered in evidence.
*7 After both sides had rested their cases, and during the conference on instructions to the jury, plaintiffs' counsel moved the court to strike from the evidence interrogatory 17 and defendants' answer thereto which had been admitted in evidence over their objection, on the ground that the answer was a self-serving declaration, was based on hearsay evidence, and was not relevant to the interrogatories and answers previously introduced in evidence by plaintiffs. This motion was denied by the trial court and the case submitted to the jury for its verdict.
We are inclined to agree with appellees that the answer to interrogatory 17 was unquestionably based on hearsay evidence, constituted a self-serving declaration, and under the rules of evidence would not have been admissible in evidence had a seasonable objection to it on these grounds been made.[5] As shown above, however, the ground relied upon by appellees to demonstrate the inadmissibility of this evidence was not asserted until after appellants had rested their case and the parties were before the court in the conference on instructions. It is our view that a motion, such as the one here considered, to strike part of the evidence introduced by a party after that party has completed the introduction of his evidence and rested his case comes too late and should be denied. For these reasons we hold that the trial court was eminently correct in denying appellees' motion to strike the objectionable answer to the interrogatory.
The order granting a new trial merely specifies that the trial court was convinced that it committed error in allowing defendants to introduce into evidence over plaintiffs' objection defendants' answer to interrogatory 17, which action was harmful and prejudicial to the plaintiffs. In so holding, we conclude that the trial court applied to its ruling on the evidence an incorrect principle of law. Even though the evidence in question may have been prejudicial to the plaintiffs, this would not be a proper ground for granting a new trial if no error was committed in admitting it in light of the grounds specified by plaintiffs at the time they stated their objection. The Second District Court of Appeal, in Ewing v. Miller,[6] was faced with a somewhat similar problem as is presented in this case. The trial court had granted a new trial upon the specific ground that it had erred in admitting certain evidence over plaintiff's objection. The District Court of Appeal held that the evidence was not subject to objection and its admissibility was not error. In reversing the order granting a new trial, the court said:
"* * * In this case the order granting a new trial was based solely on the trial judge's finding that the jury was improperly influenced by Carroll's testimony which the trial judge deemed inadmissible. Since we have determined that the questioned testimony was proper for consideration by the jury, the reason given by the trial judge for granting a new trial fails."
The order granting a new trial appealed herein is reversed and the cause remanded for the rendition of a proper judgment based upon the verdict rendered by the jury.
RAWLS, Chief Judge, and CARROLL, DONALD K., J., concur.
NOTES
[1] "Interrogatories [to parties] may relate to any matters which can be inquired into under Rule 1.21(b) and the answers may be used to the same extent as provided in Rule 1.21(d) for the use of the deposition of a party." Rule 1.27, 1954 F.R.C.P., 30 F.S.A.

"At the trial * * *, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party * * *." Rule 1.21 (d), 1954 F.R.C.P.
[2] "If only a part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts." Rule 1.21(d) (4), 1954 F.R.C.P.
[3] Cloud v. Fallis, (Fla. 1959) 110 So.2d 669.
[4] Collins Fruit Company v. Giglio, (Fla. App. 1966) 184 So.2d 447.
[5] 4 Moore's Federal Practice 2342-2343, § 33.29 (2d Ed. 1963).
[6] Ewing v. Miller, (Fla.App. 1965) 172 So.2d 889.