611 So.2d 39 (1992)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Marshall and Donald GAGE, Appellees.
No. 90-3192.
District Court of Appeal of Florida, Fourth District.
December 23, 1992.
Rehearing Denied February 4, 1993.
Frances F. Guasch of Barnett, Clark & Barnard, Miami, for appellant.
Robert J. Bogdanoff and Lewis S. Kimler of Lewis S. Kimler, P.A., Plantation, for appellees.

ON MOTION FOR REHEARING
PER CURIAM.
We grant appellant's motion for rehearing and substitute the following opinion for the opinion filed August 12, 1992.
Appellant insurer, defendant in this uninsured motorist case, received a jury verdict in its favor, but that victory was taken away by post-trial order granting plaintiffs' motion for a new trial. We reverse.
The jury found the uninsured motorist and the plaintiff Marshall Gage equally at fault. Nonetheless, the jury returned its verdict in favor of the defendant insurer based on the finding that Mr. Gage had not met the no-fault threshold requirement of permanent injury. The proof on this issue was in conflict. Dr. Kishner, Mr. Gage's treating physician, testified that Mr. Gage had a permanent injury as a result of the accident. Dr. Schnell, the defendant's medical expert, testified on direct that from his examination of Mr. Gage he found no indication of a permanent injury. Extensive cross examination failed to dislodge Dr. Schnell from his position. Taking a different tack, plaintiffs' counsel embarked on a series of questions of Dr. Schnell concerning what consideration he had given to Dr. Kishner's records and findings. To each of these questions Dr. Schnell replied, in essence, that he did not depend upon the other doctors' findings, but rather upon his *40 own findings and examinations. Finally, however, plaintiffs' counsel asked outright, "how do you account for Dr. Kishner's findings,"[1] to which Dr. Schnell responded:
I can't give you an opinion for Dr. Kishner. If you really want me to get into it, I'll get into it. We know Dr. Kishner is a plaintiff's doctor. He finds positive EMG's in every patient he sees. If you want an opinion, I'll give it to you. I don't want to do this. I don't like to comment on other doctors.
Plaintiffs' motion to have this answer stricken as an improper comment by one expert on the qualifications or credibility of another,[2] and the accompanying motion for a curative instruction to the jury, were both denied, the court noting that the doctor's response was invited by the form of the question. Notwithstanding, the court granted plaintiffs' post-trial motion for new trial on the sole ground that the court's failure to strike Dr. Schnell's response and appropriately instruct the jury was prejudicial error notwithstanding such response was invited by the line of questions directed to the witness.
While ordinarily the granting of a new trial is within the sound discretion of the trial judge, reversible only on showing of an abuse of discretion[3], if the ruling is grounded on a question of law, uncontaminated with factual conflict, the area of discretion in granting a new trial is drastically limited, Gatlin v. Jacobs Const. Co., 218 So.2d 188 (Fla. 4th DCA), cert. denied, 225 So.2d 529 (Fla. 1969), and the appellate court is on the same footing as the trial judge in determining the correct law to be applied. American Employees Ins. Co. v. Taylor, 476 So.2d 281 (Fla. 1st DCA 1985), cause dismissed, 485 So.2d 426 (Fla. 1985); Boutwell v. Bishop, 194 So.2d 3 (Fla. 1st DCA 1967).
In reviewing an order granting a new trial the appellate court considers the sufficiency of only those grounds specified in the order. Poindexter v. Seaboard Airline R.R., 56 So.2d 905 (Fla. 1951). Where the only ground for granting a new trial is the trial court's belief that it had erred in admitting certain evidence, the reason for granting the new trial fails if the evidence was properly admissible. Boutwell v. Bishop, 194 So.2d 3 (Fla. 1st DCA 1967); Ewing v. Miller, 172 So.2d 889 (Fla. 2d DCA 1965). Here, the only ground was the trial court's perceived error in its failure to strike Dr. Schnell's response to the question propounded on cross examination by plaintiff's counsel and to appropriately instruct the jury regarding such response.
Because the response of Dr. Schnell was totally responsive to the open-ended question propounded on cross examination by plaintiff's counsel, there was no requirement that the court strike the answer or give a curative instruction to the jury. See Clark v. State, 363 So.2d 331, 335 (Fla. 1978). While it would not have been error to do so, it certainly was not error to refuse to do so. Copeland v. State, 457 So.2d 1012, 1018 (Fla. 1984), cert. denied, 471 U.S. 1030, 105 S.Ct. 2051, 85 L.Ed.2d 324 (1985). Consequently, the sole ground for granting the new trial fails and that order must therefore be reversed.
The order granting a new trial is reversed and this cause is remanded with instructions to reinstate the verdict and enter judgment thereon.
Reversed and remanded.
WARNER, J., and OWEN, WILLIAM C., Jr. and DOWNEY, JAMES C., Senior Judges, concur.
NOTES
[1] Illustrative, perhaps, of the dreaded "one question too many", the downfall of many a cross-examiner.
[2] See, e.g., Carver v. Orange County, 444 So.2d 452 (Fla. 5th DCA 1983); Schwab v. Tolley, 345 So.2d 747 (Fla. 4th DCA 1977); Ecker v. Nat'l Roofing of Miami, Inc., 201 So.2d 586 (Fla. 3d DCA 1967).
[3] See, e.g., Castlewood Int'l Corp. v. La Fleur, 322 So.2d 520 (Fla. 1975); Weems v. Dawson, 352 So.2d 1196 (Fla. 4th DCA 1977), cert. denied, 359 So.2d 1221 (Fla. 1978).