PER CURIAM.
In this action for personal injuries resulting from an automobile accident, a jury verdict was entered for appellant. Thereafter, a motion for new trial was granted. The main issue at trial was whether appellant, Palm Beach County, had a duty to maintain the road upon which the accident took place. The order granting a new trial provided in pertinent part:
The legal grounds raised in the motion for new trial were adequately covered and ruled upon at the trial and the Court discerns no reason for finding that the rulings were incorrect.
The major concern in this case was created by the presentation made by the Defense. The Court during the trial without any prompting felt compelled to intervene to tell the Defense if they injected any more improper evidence into the case that the Court would declare a mistrial. This was after a series of what the Court took to be patently improper matters had been placed before the jury. The Court considered this a very serious problem. Then, at the end of the trial during the final argument by the Defendant, the Defense criticized the Plaintiff for not introducing photographs of the present day condition of the road in question. In truth, the Plaintiff wanted to present these photographs and the Defense had earlier objected and the Court had sustained their objection. So the Defense was making a misleading final argument, making it appear as if the Plaintiff was trying to hide some photographs. The Court at that point stopped the argument, called the attorneys to the bench and told the Defense that if they would really like the photographs entered, the Court would, even though we were in the middle of final arguments, but the Defense declined. There is no question that from the beginning of the trial the Plaintiff wanted those photographs in evidence and the Defendant objected and did not want them in.
The Court is always concerned with the appearance of justice as well as the actual *1207 accomplishment of justice and holds the view that the matters just mentioned failed at least, to have the appearance of justice.
The Plaintiffs attorney was assiduous in conducting the trial properly without resorting to improper tactics and yet it has to appear to the Plaintiff that somehow this has operated to the Plaintiffs detriment, since the Defense did not hurt its case and at least in the eyes of the Plaintiff, helped its ease by injecting improper matters into the case, the end result being that by improper tactics, an unfair advantage was gained by the Defense and the Plaintiff suffered by conducting their case properly. This is an unjust result that courts emphatically seek to avoid.
Secondly: Due to the problems mentioned it has become necessary for the Court to decide whether or not there has been a lack of substantial justice in this case. This type of evaluation is discretionary and not susceptible to analysis from a cold record.
In the Court’s view, this trial was unacceptable and there has been a lack of substantial justice. If this trial were allowed to stand, it would lower this Circuit’s standards.
It is true, as the trial court indicates, that the granting of a new trial is within the sound discretion of the trial judge, reversible by an appellate court only upon the showing of an abuse of discretion. State Farm Mut. Auto. Ins. Co. v. Gage, 611 So.2d 39, 40 (Fla. 4th DCA 1993) (on rehearing). See also Castlewood Int’l Corp. v. LaFleur, 322 So.2d 520 (Fla.1975). We are not as comfortable, however, with the trial court’s conclusion that the exercise of discretion is “not susceptible to analysis from a cold record.” Certainly there are nuances and attitudes that will have an influence on the judge and jury which may not be evident at the appellate level. That is not to say, however, that the decision whether to grant a new trial may be based entirely upon a subjective analysis as to whether justice has been done without reference to any record matters whatsoever. This would at best allow the judge to sit as a seventh juror and at worst result in decisions rendered ad hoc without the necessity for substantial competent evidence or supporting legal principles.
We do not rest our determination on the foregoing oversimplification of the role of discretion in the decision of the trial court to grant a new trial, however.
Our review of the record leads us to conclude that the trial court was incorrect in the assertion that “[i]n truth, the Plaintiff wanted to present these photographs and the Defense had earlier objected and the Court had sustained their objection. So the Defense was making a misleading final argument, making it appear as if the Plaintiff was trying to hide some photographs.” The record does not support the trial court’s conclusion regarding the references to these photographs or defense counsel’s attempting to mislead the jury. This erroneous conclusion is at the very heart of the trial court’s criticism of appellant’s trial strategy upon which the order appealed is based. Accordingly, we reverse the order granting a new trial and remand for entry of judgment pursuant to the jury verdict. We affirm as to the cross-appeal.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
HERSEY, KLEIN, JJ., and OWEN, WILLIAM C., JR., Senior Judge, concur.