Raymond Walsh, Administrator of Estate of Johanna Walsh, Deceased, et al. Genevieve Swenson, Administratrix of Estate of Mary Lorraine Swenson, Deceased, Appellee, v. Kenneth F. Murray and Glen Ritt. Glen Ritt, Appellant.

Gen. No. 9,776.

May term, 1942.
Heard in this court at the Opinion filed September 3, 1942.

Hall & Hulse, of Waukegan, for appellant; Albert L. Hall, of Waukegan, of counsel.

Diver & Carey, of Waukegan, for appellee.

Mr. Presiding Justice Huffman delivered the opinion of the court.

This action arises out of a collision between two automobiles. The deceased, Mary Lorraine Swenson, had spent part of her Christmas vacation with her grandmother, Johanna Walsh. On the day in question, the deceased, a child of twelve years, was riding home in a car then being driven by Kenneth F. Murray, her uncle. Riding in the Murray car, at the time, were Murray, the driver; Glen Blackburn; Gertrude Billings; Murray's wife, Bernadine; her mother; Johanna Walsh, grandmother of the deceased; and the child. The cars collided at the intersection of two paved highways. Murray was driving his car south on highway 54. Appellant Ritt was driving his car east on highway 62, which was protected against the traffic from highway 54 by the usual and ordinary stop signs.

In the collision, Mary Lorraine Swenson was killed. Her mother, Genevieve Swenson, brings this suit against Murray and appellant Ritt. Trial by jury resulted in a verdict in favor of appellee plaintiff, and against both defendants, in the sum of $5,000. By special interrogatory submitted, the jury found defendant Murray guilty of wilful and wanton misconduct. He prosecutes no appeal. Defendant Ritt brings this appeal from judgment on the verdict, and argues two grounds for reversal; first, that the court admitted improper evidence on behalf of appellee with respect to the testimony of two deputy sheriffs concerning the speed of an automobile about one-half mile from the scene of the accident, which was of the same color as appellant's car; and second, that Murray at the time, was acting as custodian of plaintiff's intestate,

and his negligence, by law, is imputable to the parent. The deceased left no brother or sister.

Glen Blackburn was riding in the front seat by the side of Murray. The deceased was riding in the back seat with her grandmother, and others. It was a clear, cold day in January. The highway was free of ice and snow. Blackburn is the only witness in the case who saw the accident. He states the Murray car was traveling about 50 miles an hour; that as it came into the intersection, he heard Murray exclaim; that it was but the fraction of a second thereafter until the collision occurred. This witness states he saw appellant's car as it approached the intersection; that it did not change its course; that it was traveling at a speed of 70 to 80 miles per hour, and struck the Murray car about the center of the body. The windows of the Murray car were frosted over, and apparently the occupants of the car, other than Murray and Blackburn, did not see appellant's car. The collision threw Blackburn clear of the Murray car, but it did not appear to stun or bewilder him. He immediately went to the Murray car to assist in removing the occupants. He says that the officers arrived almost instantly after the accident; that by the time he had gotten up from the pavement, they were there; and that no car passed the intersection between the time of the collision and the arrival of the officers. It appears that the intersection is out in the open country where the view is unobstructed.

The testimony of the two officers (deputy sheriffs), discloses that they were traveling upon the same highway being traveled by appellant, and in the same direction; that about a half mile from the intersection, a green sedan passed them at a rapid rate of speed, and disappeared around a curve in the road. The officers proceeded until they came to the curve, which was about a quarter of a mile from the intersection, when they saw that an accident had occurred. They then increased the speed of their car, passing all cars

between them and the intersection. Upon arriving at the scene of the accident, they found a green sedan involved, answering the description in color and design as the one that had just passed them. This was appellant's car. One of the officers states that, in his opinion, the green car was traveling about 60 miles an hour when it passed their car. Only a few seconds elapsed between the time the green car passed the officers and their arrival at the scene of the accident. They saw no other green car. Blackburn testifies that no car passed through the intersection between the time of the accident and the arrival of the officers.

Under such circumstances, we do not consider the admission of the testimony of the officers regarding the speed of the green car at the time it passed them, to constitute error. The facts and circumstances in evidence, were proper for the consideration of the jury upon the question of the identity of appellant's car, and whether the speed at which it was traveling at the time it passed the officers was maintained to the place of the accident.

Appellant urges as his second point for reversal, that Murray was the custodian of the deceased for the purpose of taking her home; that appellee had entrusted him with this mission, and that his negligence was imputable to appellee; that since the jury found Murray guilty of wilful and wanton misconduct in the operation of his car, appellee is barred from recovery. It appears from the testimony of appellee that she did not know who would bring her daughter home; that she was expecting her on that day or the next; and that some of the friends of the family, or members of the family, had always brought her home on previous occasions. Murray had five adults riding with him, consisting of his wife, relatives, and friends. The evidence is that these people were riding as his guests. No witness testified on behalf of appellant. The record is silent as to the relationship of agency existing be-

tween Murray and appellee. This was a question for the jury.

It is usually considered in a suit of this character, that ''the negligence of a third party cannot be imputed to the plaintiff unless the third party occupies the relationship of servant or agent of the plaintiff.'' This rule includes infants. *Smithers v. Henriquez*, 368 Ill. 588, 600; *Thomas v. Buchanan*, 357 Ill. 270, 277, 278.

We are of the opinion the trial court did not err in admitting the testimony of the officers; and that the verdict of the jury on the question of relationship of agent or servant existing between appellee and Murray cannot be considered as contrary to the manifest weight of the evidence. These are the two points argued by appellant.

The judgment is therefore affirmed.

*Judgment affirmed.*