Mary Cooper, Plaintiff-Appellee, v. Cass
Cox, et al.
On Appeal of Lucille Cooper, Defendant-
Appellant.

Gen. No. 48,237.

First District, Third Division.
May 17, 1961.

Querrey, Harros, Gulanick & Kennedy, of Chicago (John T. Kennedy, of counsel) for appellant.

Philip E. Howard and William Jakofsky, of Chicago (John J. Burns, Jr., of counsel) for appellee.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a judgment entered upon a verdict for plaintiff. The action was for personal in-

juries sustained by plaintiff as a guest passenger when the automobile in which she was riding collided with another car.

The accident took place in the State of Indiana, at the intersection of Route 63 and McNeil Road, near the town of Covington. The car in which plaintiff was a passenger was southbound on Route 63. The other car was eastbound on McNeil Road. The facts of the accident are in sharp dispute with regard to the speed of the vehicles, the notice taken of each car by the respective drivers, the question of whether the eastbound car had stopped for a stop sign prior to entering the intersection, the point of impact within the intersection, the skid marks, and other facts. It is a close case. There was sufficient evidence to warrant submission to a jury, but it was important that they should have been properly instructed, and for failure in that respect and other reasons, the judgment must be reversed and the cause remanded for a new trial upon errors of law. The issues of fact are therefore not determinative of this appeal.

■ As the accident took place in Indiana, the substantive law of that state must be applied. Keehn v. Braubach, 307 Ill. App. 339, 354–55, 30 N.E.2d 156, 163; O'Neal v. Caffarello, 303 Ill. App. 574, 585, 25 N.E.2d 534, 539. The law of Indiana recognizes a cause of action in favor of a guest passenger only under the conditions set forth in the following statutory provision (Burns' Ind. Stats. Ann., ch. 10, § 47–1021):

> "Guest of owner or operator—Right to damages. The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from the injuries to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wanton or wilful misconduct of such operator, owner, or

54

person responsible for the operation of such motor vehicle."

This statute thus definitely prescribes that a guest passenger cannot recover in Indiana unless his injuries were caused by the "wanton or wilful misconduct" of the defendant. This has been interpreted by the Indiana courts to mean the conscious and intentional doing of a wrongful act or the omission of a duty, with a reckless indifference to the consequences, under circumstances showing that the actor knew of the conditions existing and that injury would probably result. Brown v. Saucerman, 237 Ind. 598, 145 N.E.2d 898, 902; Swinney v. Roler, 113 Ind. App. 367, 47 N.E. 2d 846–47.

█ Where the lex loci delicti creates a cause of action conditioned upon the application of a particular standard of care, and such standard has been defined by judicial decisions of the place of the wrong, as in the Indiana cases cited, the standard of conduct as thus defined should be applied by the forum in which the action has been brought. Restatement, Conflict of Laws, § 380(2) (1934). Two instructions were given on this phase of the case.

█ Over defendant's objection, the court gave plaintiff's instruction No. 15 defining the standard of care to be applied by the jury, as follows:

"The court instructs the jury that to constitute wilful or wanton misconduct on the part of the defendant, it is not necessary for the plaintiff to prove that the defendant deliberately intended to injure plaintiff, but it is sufficient if you believe from a preponderance of the evidence that the action was intentional on the part of the defendant or that the action of the defendant was committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of the impending dan-

ger, *to exercise ordinary care to prevent it or failure to discover the danger through recklessness or carelessness, when it could have been discovered by the exercise of ordinary care."* (Emphasis supplied.)

This is a statement of Illinois law as interpreted by Illinois courts. Hering v. Hilton, 12 Ill. 2d 559, 562, 147 N.E.2d 311, 314. Myers v. Krajefska, 8 Ill. 2d 322, 328, 134 N.E.2d 277, 280; Schneiderman v. Interstate Transit Lines, Inc., 394 Ill. 569, 583, 69 N.E.2d 293, 300; Foster v. Bilbruck, 20 Ill. App. 2d 173, 179, 155 N.E.2d 366, 370. The words of the instruction, "such as a failure, after knowledge of the impending danger, to exercise ordinary care to prevent it. . . ." are so close to ordinary negligence that few laymen could discern a difference. The words, "failure to discover the danger through recklessness or carelessness, when it could have been discovered by the exercise of ordinary care" in effect equate recklessness with ordinary negligence, that is, carelessness.

The Indiana law, which provides a quite different standard of conduct, was also set forth by the court in defendant's instruction No. 9, as follows:

"I instruct you that wanton misconduct is the intentional or wanton disregard of the safety of others, and is manifest by conduct which is of such a character as to indicate a motorist's indifference to the consequences of his action.

"Wilful misconduct is the intentional doing of something that should not have been done or intentional failure to do something that should have been done, in the operation of the automobile under circumstances tending to disclose the operator's knowledge that an injury to a guest will be the probable result of such conduct.

"Wantonness is the conscious doing of some act or the omission of some duty with knowledge of

56

existing conditions; and consciousness that from the act or omission, injury will likely result to another."

This instruction was approved in Trent v. Rodgers, 123 Ind. App. 139, 104 N.E.2d 759, 762–63. When compared with plaintiff's instruction No. 15, it reveals that the kind of carelessness which might be the basis for finding wilful or wanton misconduct under Illinois law is substantially different from that defined in the Indiana decisions. It is clear that the jury was not properly instructed by instruction No. 15 as to the standard of care to be applied in the instant case.

██ Plaintiff maintains that since both plaintiff's instruction No. 15 and defendant's instruction No. 9 were given and must be considered as part of a series, the jury was adequately instructed as to the law applicable to the instant case. The jury was given an improper instruction together with an appropriate one, and was free to follow either. It is impossible to ascertain which of the instructions the jury applied. An instruction erroneously defining the standard of care or conduct to be applied by the jury in a personal injury case constitutes reversible error. Hannaur v. Chicago Transit Authority, 25 Ill. App. 2d 454, 167 N.E.2d 427; Sims v. Chicago Transit Authority, 7 Ill. App. 2d 21, 129 N.E.2d 23.

█ This error is compounded by an instruction setting forth an Indiana statute relating to speed and referring to the duty of all persons to use due care. This is not appropriate where wilful and wanton misconduct is the measure of defendant's duty. Since there must be a new trial, other errors alleged, having a bearing upon the retrial, will be considered.

█ Defendant contends that certain depositions received in evidence and read to the jury should have been suppressed. One of the infirmities charged by defendant is that there was no evidence to prove the authority or capacity of the person before whom the

depositions were taken. They were taken at the instance of defendant, and the person before whom they were taken was procured by defendant for that purpose. Under such circumstances defendant cannot question the authority which she herself invoked. Furthermore, the depositions were certified to have been truly sworn and to constitute a true record of the testimony given. They were sealed in an envelope and filed with the clerk of the court. In these and in other respects the authenticity of the depositions was established under Supreme Court Rule 19-6(5) (a). Ill. Rev. Stat., ch. 110, § 101.19-6(5) (a) (1959). Plaintiff, if she desires to use the depositions on a retrial, should, however, comply with the other requirements of the rule as to notice and availability of witnesses.

■ Defendant argues that the statement as to her speed, given by a witness travelling in the direction opposite to her and passing her about one-third of a mile north of the place of the accident, should have been stricken upon her motion, in the absence of supporting evidence that such speed was maintained to the place of the accident. Admission of such testimony is within the discretion of the trial court. In exercising that discretion the court should determine whether the facts of the case warrant the admission of the testimony without such supporting evidence. Guffey v. Gale, 332 Ill. App. 207, 74 N.E.2d 730; Walsh v. Murray, 315 Ill. App. 664, 43 N.E.2d 562; Denton v. Midwest Dairy Products Corp., 284 Ill. App. 279, 1 N.E. 2d 807.

■ Defendant also predicates error upon the admission in evidence of an unpaid hospital bill, despite the fact that no evidence as to its reasonableness was introduced. To recover for medical services it must be shown that the charges made were reasonable, and payment of such a bill is prima facie evidence

of its reasonableness. Wicks v. Cuneo-Henneberry Co., 319 Ill. 344, 349, 150 N.E. 276, 278. In the instant case, no payment having been made and no evidence of its reasonableness offered, the bill should not have been admitted in evidence. The cases cited by plaintiff do not hold to the contrary.

It is also maintained that plaintiff's counsel indulged in improper argument to the jury. This consisted of direct appeals for sympathy and of arguing the propriety of testimony which had been excluded on defendant's motion. The objections are well taken. Upon retrial such tactics should not recur.

We will not comment on the other points made with respect to instructions, since the "Illinois Pattern Jury Instructions" prepared by the Illinois Supreme Court Committee on Jury Instructions is now available. We call counsel's attention to the fact that it should be used where applicable unless the court determines that the particular instruction does not accurately state the law. Supreme Court Rule 25–1 (a) effective February 1, 1961.

The judgment is reversed and the cause is remanded with directions to grant the motion for a new trial, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

McCORMICK and DEMPSEY, JJ., concur.