Frank W. Schneider, et al., and Susan Nordyke, a Minor, by Charlotte Nordyke, Her Mother and Next Friend, Plaintiffs-Appellants, v. William C. Wedding, Defendant-Appellee.

Gen. No. 65–21.

Fifth District.

December 20, 1965.

Emerson Baetz, of Alton, for appellants.

Reed, Armstrong and Gorman, of Edwardsville, for appellee.

GOLDENHERSH, P. J.

Plaintiffs appeal from the judgment of the Circuit Court of Madison County, entered on jury verdicts finding the issues for defendant. Plaintiffs contend that the trial court improperly excluded the testimony of a witness called by plaintiffs, and thereafter erroneously sustained defendant's objection to plaintiffs' offer of proof.

Plaintiffs sued for damages for personal injuries suffered when an automobile occupied by plaintiffs and an automobile driven by defendant, collided. Simply stated, the issue of negligence turns on which of the two vehicles was in the wrong lane of travel at the time of the collision.

The plaintiffs, Frank W. Schneider and Ruby M. Schneider, had testified that the defendant's car had only one headlight. Plaintiff called one Louis Wiedman who testified that he lived approximately 1,000 feet south of the point where the testimony of other witnesses shows the collision to have occurred, that on the evening in question he drove out of his driveway onto the highway, turned to the south, traffic was light, and about 500 feet south of his home, he saw an automobile being driven in a northerly direction. He was asked what he noticed about the automobile. Defendant objected on the ground that the testimony was "immaterial and remote." The court sustained the objection. He was then permitted to testify that he continued on his trip in a southerly direction, that approximately 20 minutes later, he was returning to his home, and saw a group of cars, flashing lights, and a state trooper's car, about 1,000 feet north of his house. Plaintiff made the following offer of proof. "If Mr. Wiedman had been allowed to testify, . . . he would have testified that he noticed no trucks headed in a northbound direction but he did notice a passenger vehicle which seemed to have one headlight, and this passenger vehicle passed him headed in a northerly direction in a southbound lane, that would be the

8

easterlymost southbound lane, about three-quarters of the vehicle was over in the easterlymost southbound lane. He would further have testified that he was gone approximately 20 minutes, 25 minutes, I believe, and when he returned he saw the collection of vehicles in the roadway."

Defendant objected to the offer of proof as being immaterial and calling for evidence "remote and inadmissible." The court sustained the objection.

In support of their contention that the trial court erred in its rulings, plaintiffs cite Walsh v. Murray, 315 Ill App 664, 43 NE2d 562, and a number of cases from foreign jurisdictions, most of which are found in an annotation which appears at 46 ALR2d 14. Defendant cites the ALR2d annotation and several Illinois cases which are hereinafter discussed.

In the case of Hanck v. Ruan Transp. Corp., 3 Ill App2d 372, 122 NE2d 445, the Appellate Court approved the trial court's exclusion of testimony that at a point approximately 800 feet east of the point of collision, a trailer had swung across the center line and crowded the car in which the witness was riding, off the road. The Appellate Court, at page 381 of its opinion, stated that even admitting the defendant's vehicle crossed the center line 800 feet from the scene of the accident, such fact would not of itself tend to prove that such vehicle was being negligently operated just prior to and at the time of the collision, and in the absence of a showing that the truck continued to swing across the highway from the point where the witnesses saw it, to the point of collision, the evidence was not material.

In Flesberg v. Prince Warehouse Co., 37 Ill App2d 22, 184 NE2d 813, the Appellate Court held that the trial court erred in permitting a witness to testify that at a point approximately a mile and one-quarter south of the place of collision, defendant's truck was to the left of the center line, and another witness to testify that about one-

half mile from the point of collision, when the car in which the witness was riding attempted to pass defendant's vehicle, the trailer veered to the left, the back dual wheels came over the center line, and caused the automobile in which the witness was riding to take to the left shoulder to avoid a collision. At page 27, the court said: "Admitting that the defendants' tractor-trailer truck crossed over the centerline of the highway at a point at least one-half mile south of the scene of the collision, such evidence is not proof that defendants' vehicle was being operated in a negligent manner immediately prior to and at the time of the collision in question. Hanck v. Ruan Transport Corp., 3 Ill App2d 372, 122 NE2d 445."

We are of the opinion that the trial court erred in admitting the testimony of LeRoy Kenney and Robert Soberri concerning the operation of defendants' truck at a too remote distance from the point of collision. The manner of operating a motor vehicle at some place remote from the happening in controversy can be varied or changed innumerable times in the interim. Conceding that defendants' truck did cross the center line of the highway one-half mile south of the point of collision, such fact or facts would not in itself tend to prove that such vehicle was being negligently operated just prior to and at the time of the actual collision."

In Walsh v. Murray, 315 Ill App 664, 43 NE2d 562, the court in considering the defendant's contention that the trial court erred in admitting certain testimony, reviewed the evidence, and stated its conclusions, as follows: "The testimony of the two officers (deputy sheriffs), discloses that they were traveling upon the same highway being traveled by appellant, and in the same direction; that about a half mile from the intersection, a green sedan passed them at a rapid rate of speed, and disappeared around a curve in the road. The officers proceeded until they came to the curve, which was about a

10

quarter of a mile from the intersection, when they saw that an accident had occurred. They then increased the speed of their car, passing all cars between them and the intersection. Upon arriving at the scene of the accident, they found a green sedan involved, answering the description in color and design as the one that had just passed them. This was appellant's car. One of the officers states that, in his opinion, the green car was traveling about 60 miles an hour when it passed their car. Only a few seconds elapsed between the time the green car passed the officers and their arrival at the scene of the accident. They saw no other green car. Blackburn testifies that no car passed through the intersection between the time of the accident and the arrival of the officers.

"Under such circumstances, we do not consider the admission of the testimony of the officers regarding the speed of the green car at the time it passed them, to constitute error. The facts and circumstances in evidence, were proper for the consideration of the jury upon the question of the identity of appellant's car, and whether the speed at which it was traveling at the time it passed the officers was maintained to the place of the accident."

In Cooper v. Cox, 31 Ill App2d 51, 175 NE2d 651, the court, at page 58, said, "Defendant argues that the statement as to her speed, given by a witness travelling in the direction opposite to her and passing her about one-third of a mile north of the place of the accident, should have been stricken upon her motion, in the absence of supporting evidence that such speed was maintained to the place of the accident. Admission of such testimony is within the discretion of the trial court. In exercising that discretion the court should determine whether the facts of the case warrant the admission of the testimony without such supporting evidence. (Citing cases.)"

In our opinion the conclusion reached in Hanck and Flesberg unduly restricts the admissibility of this type of

11

evidence. Certainly, as stated in the opinions, what transpired at a distance from the scene of a collision, would not of itself prove that a vehicle was being operated in a negligent manner at the time of the occurrence, but to require testimony that the misconduct was persisted in during the interval between the time when the witness observed the vehicle and the time of the collision, imposes too severe a limitation on the admissibility of the evidence.

██  The admissibility of such evidence is within the discretion of the trial court and is to be determined by the facts and circumstances of each case. In the case at bar, unlike Hanck, Flesberg and Cox, (supra), the proffered testimony does not purport to identify the defendant's automobile as the same one which the witness had passed. Unlike Walsh v. Murray, the testimony does not present circumstances from which the jury could reasonably infer that it was the same vehicle. In the absence of identification of the vehicle, or proof of circumstances from which the jury could reasonably infer that it was the same vehicle, the trial court properly excluded the testimony, and the judgment is therefore affirmed.

Judgment affirmed.

EBERSPACHER and MORAN, JJ., concur.