SHERRI WICKS, Admrx. of the Estate of Alec L. Wicks, Deceased, Plaintiff-Appellant, *v.* CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Defendant-Appellee.

(No. 70-70; ▮▮▮▮▮▮▮▮

Second District—March 3, 1971.

Neuendorf & Nickels, of Sandwich, for appellant.

William H. Wake, of Aurora, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiff, individually and as administrator of the Estate of Alec L. Wicks, Deceased, sued to recover damages and medical and funeral expenses arising from the death of her husband in a grade crossing accident. The appeal is from a judgment for the defendant entered upon a jury verdict.

Plaintiff argues that defendant was guilty of negligence which was the sole proximate cause of the accident; and that the jury's finding in a special interrogatory that decedent was guilty of contributory negligence should be disregarded as a matter of law as being unsupported by the evidence. She also argues that the trial court erred in ruling on the admission of evidence, erred in denying plaintiff's motion for a continuance, and erred in denying a motion to separately try the issues of negligence and damages.

We have reviewed the entire record, and upon the basis of the special finding of the jury that plaintiff's decedent was guilty of contributory negligence which proximately caused or contributed to his death, we conclude that the judgment below must be affirmed.

■■ In our view, the facts bearing upon this issue amply support the special finding. The collision occurred on Sunday, August 20th, 1967, approximately 3:20 P.M., at the Granart Road crossing of the defendant railroad, which is about 7 miles west of Aurora. The decedent, Alec Wicks, was driving his car in a northeasterly direction on Granart Road with his brother, Randall, in the middle front seat and his father, Andy Wicks, in the right front seat. Decedent's mother, Lucille Wicks, was in the left rear seat, his 16 year old sister was in the middle rear seat, and his wife, Sherri Wicks, was in the right rear seat holding her two year old son on her lap. (Only Andy and Lucille Wicks testified as to the occurrence for the plaintiff.) The weather was clear. The brakes on the car were in good mechanical condition. The windshield was clear. The decedent had good eye sight and good hearing. The gravel road approaching the crossing was dry. While going 35 to 40 miles per hour, the car had passed a railroad warning sign situated some 450 feet west of the crossing. The crossing was protected by a cross-buck sign. As decedent approached within a few car lengths of the crossing, going about 35 miles per hour, his wife, Sherri Wicks, warned him of the approach of the train. Decedent did not slam on his brakes but made a gradual stop, his car coming to rest partially on the tracks at which time it was struck by a step or other projection from the locomotive. There was evidence that the crossing was located in open country and was visible for a greater distance than the point at which decedent started braking. There was evidence that the train was going about 50 miles per hour, that the warnings were given by whistle and bell at the whis-

tling post one quarter mile from the crossing, and that the front light of the locomotive was on.

■■■ A trial judge on his own motion has the power to set aside a special finding which is against the manifest weight of the evidence although not objected to specifically by a defendant in a post-trial motion (*Freeman v. Chicago Transit Authority* (1965), 33 Ill.2d 103, 105, 106). A party is otherwise conclusively bound on an appeal by a special finding of fact on a material issue made by a jury in answer to a special interrogatory unless he moves in the trial court to set it aside or specifically attacks it in his post-trial motion. The general objection in the post-trial motion here that the verdict is contrary to the manifest weight of the evidence and plaintiff's motion for a directed verdict at the trial are not sufficient to preserve for review questions going to the propriety of the special finding. Ill. Rev. Stat. 1967, ch. 110, par. 68.1; *Taake v. Eichhorst* (1931), 344 Ill. 508, 509; *Westlund v. Kewanee Public Service Co.* (1956), 11 Ill.App.2d 10, 17, 18; *Quagliano v. Johnson* (1968), 100 Ill. App.2d 444, 447, 448.

Plaintiff, however, argues that the cited rule does not apply to her post-trial motions since she does not argue that the special interrogatory is against the manifest weight of the evidence. The principal thrust of her argument is stated as being (1) the deprivation of the testimony of a material witness as the result of the refusal of the trial court to grant a continuance and (2) the exclusion of evidence which, she claims, would have been sufficient to have affected the jury's answer to the interrogatory and its verdict.

The cause was set to be tried on October 21st, 1969. Plaintiff first moved for a continuance on October 9th, 1969. On a hearing of the motion, it was stricken because the doctor's affidavit concluding that she was physically unable to attend trial was too vague. A second motion and affidavit stating that plaintiff was seven and one-half months pregnant and could not attend because of complications was presented some three days before trial and was also denied.

■■ Plaintiff's argument that she was prejudiced by the refusal to grant a continuance is not persuasive particularly since the plaintiff was identified briefly in the courtroom at the trial and was not called upon to testify. The claim is based upon the theory that if she were called upon to testify, it would appear to the jury either that she had remarried after the accident, thus limiting damages, or that the jury would infer that she was pregnant out of wedlock, which might affect the consideration given to the liability issue. It is conceded that her motion for a continuance, made shortly before trial, did not comply with Ill. Rev. Stat. 1967, ch. 110A, par. 231. Moreover, under the circumstances shown in

the record and there being no showing that plaintiff's testimony would have been material and not merely cumulative, there is no evidence that plaintiff was prejudiced or that the trial court abused its discretion in denying the continuance.[1] See *Wilson v. National Automobile and Cas. Ins. Co.* (1959), 22 Ill.App.2d 34, 38. See also 68 A.L.R.2d 470. The same considerations point to the court's refusal to order a separate trial of damages and liability as being a proper exercise of discretion.

Plaintiff has cited our recent opinion in *Merchants Nat. Bank v. Elgin, J. & E. Ry. Co.* (1970), 121 Ill.App.2d 445, which is presently pending in the Illinois Supreme Court ᵐ leave to appeal, in support of her argument that the court erred in refusing to admit in evidence the Kane County Flow Map, in denying an offer of two intervening petitions filed by defendant with the Illinois Commerce Commission as containing purported admissions that the crossing was extrahazardous, and in refusing to permit an expert witness to give his opinion in answer to a hypothetical question as to the extrahazardous nature of the crossing. Because none of these items had any rational relationship to the considerations from which the jury could properly determine whether plaintiff's decedent was guilty of contributory negligence and because we have found the issue of decedent's contributory negligence to be controlling, we therefore need not and do not consider these assignments of error.

The judgment below is affirmed.

Judgment affirmed.

T. MORAN, P. J., and ABRAHAMSON, J., concur.

---

[1] In his argument on the post-trial motion, plaintiff's attorney admitted that the pregnancy of the plaintiff would have no bearing on the question of liability but could reflect on damages. In our view of the case we do not reach the question of damages.