Roy J. KLAVINE, Adm'r of the Estate of Randall J. Klavine, Deceased, and Individually, Plaintiff-Appellant, *v.* VERNON D. HAIR *et al.*, Defendants-Appellees.

(No. 74-405; ▮▮▮▮▮▮▮▮▮▮

Third District—June 30, 1975.

*Rehearing denied July 18, 1975.*

Frederick D. Kopp, of Spector, Taber & Tappa, and Arndt, Schubert & Andich, both of Rock Island, for appellant.

Robert J. Noe, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from judgments of the Circuit Court of Henry County finding in favor of defendants Vernon D. Hair and Cecil Hair in a wrongful death action filed by Roy J. Klavine, as administrator of the estate of Randall J. Klavine, deceased, and individually.

The action resulted from an automobile collision between two vehicles

driven respectively by Randall Klavine and Vernon Hair. The collision occurred at a rural intersection just west of Geneseo, Illinois. Randall J. Klavine was killed. Roy J. Klavine brought an action for wrongful death and funeral expenses against Vernon Hair, and also against the owner of the other automobile, Cecil Hair, father of Vernon Hair.

On motion of the defendants, the actions against each defendant were severed for trial. The action against Vernon Hair, based on counts of negligent driving, was tried separately and the jury found for the defendant Vernon Hair. The jury also answered a special interrogatory finding that Randall Klavine had been contributorily negligent at the time of the accident. On the motion of defendant Cecil Hair for summary judgment, the trial court also ruled that the special finding carried over and barred any action against the owner of the Hair automobile.

■■ Defendants initially contend that the notice of appeal filed in this case by plaintiff-appellant was legally insufficient in that it failed to specify the order appealed from. The notice reads in part:

"Now comes plaintiff, Roy J. Klavine, * * * and hereby serves Notice of Appeal of and from the Final Judgment entered on August 21, 1974. * * *"

The record in this case discloses that the final judgment was entered on August 21, 1974, by the entry of two orders. One order denied plaintiff's post-trial motion as to the jury verdict in favor of Vernon Hair, and the other order granted summary judgment in favor of the other defendant, Cecil Hair. The two orders finally disposed of the case in the trial court. The notice was obviously sufficient under the circumstances. See *Department of Transportation v. Galley* (5th Dist. 1973), 12 Ill.App. 3d 1072, 1075, 299 N.E.2d 810.

Plaintiff further contends that it was error for the trial court to exclude testimony regarding the speed of the Klavine car, just before the collision, and, also, that it was error to exclude evidence of certain modifications in the Hair automobile which would increase the speed and acceleration capabilities of that automobile. Plaintiff also contends that the severance of the causes of action was prejudicial error since the special finding of contributory negligence barred the action against Cecil Hair without a trial on the merits. The collision involved took place at approximately sunset on September 1, 1972, at a rural intersection 1 mile west of Geneseo. There were no traffic signs of any type at the intersection. Plaintiff's decedent, Randall Klavine, was traveling west on Middle Road while the driver-defendant, Vernon Hair, was traveling north on an intersecting township road. The southeast corner of the intersection was planted with corn which was then 6 to 7 feet high,

although there was roughly a 25-foot gap on each side between the corn and the road. It was noted that Klavine had traveled the road often before, but that the Hair youth was unfamiliar with the immediate territory.

The investigating police officer found skid marks on the township road, apparently made by Vernon Hair, which were 27½ feet in length and extended over half-way into the intersection. The automobiles were found some 40 feet to the northwest of the intersection with the Klavine car on top of the Hair car, next to a freshly broken utility and fence post. Damage to the Hair car was primarily in the front end and damage to the Klavine car showed that it was struck on the left side at about the middle of the automobile. There were no eyewitnesses to the actual collision other than the two drivers and Jay Krause, a passenger in the Klavine car. The two survivors, Krause and Hair, both suffered retrograde amnesia and were unable to testify to the events surrounding the accident. Krause and several other witnesses, however, testified to Randall Klavine's good driving habits.

At the trial, plaintiff sought to introduce the testimony of George Koerper who lived on Middle Road about half a mile east of the accident scene. An offer of proof was made that Koerper would testify that he was in his front yard when the Klavine car passed by just before sunset. He would have testified that he first saw the car about 935 yards from the intersection, and that he observed it for a distance of 330 yards as it passed his home. Koerper estimated the speed at 20 to 25 miles per hour and would have testified "it never accelerated, just leisurely going down the road." He recognized the car as belonging to the Klavines and could see the two boys inside. Koerper's testimony was excluded by the court as being irrelevant.

Plaintiff also sought to introduce testimony by Vernon Hair and one Wilbur Johnson concerning modifications in Hair's car engine—in the manifold, engine block, heads, valve covers, and transmission, all of which would tend to increase the speed and acceleration of the car. This testimony was also rejected by the court as being irrelevant.

■■ As we have noted, a special finding was made by the jury that plaintiff was contributorily negligent. Normally a party is bound conclusively by the answer to a special interrogatory on a material issue unless he moves to set it aside or attacks it in his post-trial motion, neither of which was done by plaintiff here. (*Quagliano v. Johnson* (3rd Dist. 1968), 100 Ill.App.2d 444, 447, 241 N.E.2d 187; *A. H. Sollinger Construction Co. v. Illinois Building Authority* (2nd Dist. 1972), 5 Ill.App.3d 554, 565, 283 N.E.2d 508.) However, any alleged error in the trial which bears a rational relationship to the considerations from which the jury determined a special finding must be considered on review. (*Wicks v.*

*Chicago, Burlington & Quincy R.R. Co.* (2nd Dist. 1971), 132 Ill.App.2d 33, 36, 267 N.E.2d 727.) As otherwise expressed, a party is bound by a special finding unless he specifically attacks it or unless he assigns error in some procedure which necessarily affected the substance of the special finding.

■■ Considering the contentions now made, we first note that the engine modifications of the Hair car could not specifically relate to whether or not Randall Klavine was contributorily negligent. Such modifications may add little relevance to the possible negligence of the driver, Vernon Hair, since a "hopped-up" car can be driven as safely as the average family car. Since that issue does not go to the jury finding of Randall Klavine's contributory negligence, on the record in this case, it could not be the basis for reversal.

■■ Excluded testimony of proposed witness Koerper, however, which related to Randall Klavine's conduct immediately before the accident, could clearly have bearing on his contributory negligence or lack thereof. The question of admissibility of evidence concerning what a party was doing before an accident, by showing what was observed before the time of the accident, has arisen in numerous cases in this country. (See 8 Am.Jur.2d *Automobiles and Highway Traffic* §§ 950-952 (1963); Annot., 46 A.L.R.2d 9 *et seq.* (1956) and cases cited therein.) The issue of admissibility of such evidence turns basically on the degree to which, the evidence tends to show what actually or most probably occurred at the time of the collision. In Illinois, early cases reflected the view that evidence as to the party's conduct at any time before the accident itself, may have been too remote and was thus inadmissible. The tendency, however, in recent years has been toward admitting such evidence on the particular facts in the case, if such relevance is apparent. (See, *e.g., Cooper v. Cox* (1961), 31 Ill.App.2d 51, 175 N.E.2d 651; *Brown v. Nale* (4th Dist. 1969), 106 Ill.App.2d 238, 245 N.E.2d 9.) As stated in Gard's Illinois Evidence Manual, Rule 81, Comment, at 101 (1963):

> "Remoteness in point of time does not necessarily make evidence irrelevant, unless the degree of remoteness is such as to negative its logical connection with the fact sought to be proven."

We also are mindful of the principle that courts seek evidence of the highest probative value which is available (*Brown v. Nale,* 106 Ill.App.2d 238, 242). For example, circumstantial evidence is permitted to establish due care or lack thereof where there are no other eyewitnesses to an accident, and when those involved were either dead or suffering from amnesia. (*Campbell v. Ragel* (1955), 7 Ill.App.2d 301, 304-05, 129 N.E.2d 451.) While admission of nonoccurrence evidence depends on the facts

of the case and is largely within the discretion of the trial court, such evidence, if not extremely remote takes on more importance where there are no available eyewitnesses, or where it may be the only method by which it may be shown who was at fault.

The testimony of witness Koerper, it appears from the record, was not so remote as to require its exclusion on the basis of the record before us. Witness Koerper was only approximately 600 yards from the scene of the accident and he was able to observe the Klavine automobile for a distance of 300 yards. While there was no direct proof that the speed of this automobile continued unchanged until it reached the scene of the accident, this is not an indispensable requirement for the admission of the testimony (*Schneider v. Wedding* (5th Dist. 1965), 66 Ill.App.2d 7, 12, 213 N.E.2d 624). Koerper stated that the car was going 20 to 25 miles per hour and characterized the pace as "leisurely." While we note that the speed of an automobile may be changed in a matter of seconds, we conclude that Koerper's testimony, giving the speed of the automobile for the distance he observed it, suggests that it is probable that the automobile's speed was not significantly changed in the last 600 yards before reaching the intersection. This evidence would be consistent with evidence of skid marks apparently made by the car driven by Vernon Hair and the fact that the front of the Hair car obviously collided with the side of the Klavine car as shown by the damage to the automobile.

■■ We, therefore, conclude that the testimony of Koerper was sufficiently relevant under the particular facts and circumstances in this case, and that it should have been admitted. The weight and value of such testimony should have been left to the jury. (8 Am.Jur.2d *Automobiles and Highway Traffic* § 950, at 495 (1963).) Since the exclusion of the Koerper testimony could have substantially affected the jury's special finding of contributory negligence on part of Randall Klavine, that action should be remanded for new trial.

■■ As a guide to the trial court, we briefly comment on the remaining issue raised by plaintiff which regards the severance of the two cases. We agree with defendants that certain evidence, particularly the past driving record of Vernon Hair, and the engine modifications on the Hair automobile, would be inadmissible as against Vernon Hair in an action against him for negligent driving, while it might be admissible against Cecil Hair in an action for negligent entrustment of the vehicle. We further note that a limiting instruction to the jury might not be sufficient to avoid prejudice to defendant Vernon Hair and consequently conclude that the trial court did not err in granting the motion for severance.

The judgments of the Circuit Court of Henry County denying plaintiff's post-trial motion and finding against the plaintiff, and also in granting

summary judgment to Cecil Hair, are therefore reversed and these causes are remanded for new trial of the action against Vernon D. Hair and for further proceedings thereafter in the action against Cecil Hair.

Reversed and remanded with directions.

STOUDER, P. J., and BARRY, J., concur.