CARL COOPER, a Minor, by Christine Cooper, his Mother and Next Friend, Plaintiff-Appellant, v. T. J. MILLER, Defendant-Appellee.

First District (4th Division)   No. 77-660

Opinion filed December 14, 1978.

David J. Gubbins, of Asher, Greenfield, Goodstein, Pavalon & Segall, of Chicago (Eugene I. Pavalon and Cohn, Cohn, Lambert & Phillips, of counsel), for appellant.

Greenberg & McCarthy, of Skokie (Sherwin Greenberg, of counsel), for appellee.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Carl Cooper, a minor, by Christine Cooper, his mother and next friend, brought an action to recover damages for personal injuries allegedly proximately caused by defendant's negligence in operating a motor vehicle. At the close of plaintiff's case in chief, defendant made a motion for a directed verdict in his favor. This motion was denied by the court. Defendant renewed his motion for a directed verdict at the close of all the evidence, but prior to the final arguments of counsel. The court granted this motion for a directed verdict in favor of defendant and against plaintiff and found as a matter of law that defendant was not guilty of negligence. Plaintiff appeals. We reverse.

The issues presented for review are (1) whether the trial court erred in directing a verdict in favor of the defendant, and (2) whether the trial court erred in finding that the defendant was not guilty of negligence as a matter of law.

The facts are as follows: On July 13, 1971, the minor plaintiff, Carl Cooper, was 9 years old. At approximately 7 p.m. on that date, plaintiff was playing soccer with a kickball at a lot which was located on the southeast corner of Maypole and Keystone Streets, in Chicago, Illinois. The plaintiff played on the lot every day with his friends.

The defendant, T. J. Miller, lived approximately 2 blocks from the area where plaintiff played, and prior to the date of the accident he drove by the lot frequently. On the date of the occurrence, defendant drove a

friend to her home which was located three or four houses south of the lot on Keystone. After leaving his friend at her home, it was about 7 p.m. and the sun was still shining. Defendant traveled north on Keystone and observed 12 to 15 children playing on the lot when he was 25 or 30 feet north of his passenger's home.

Defendant testified that he was operating his motor vehicle at a speed of approximately 10 m.p.h. as he proceeded on Keystone Street. The ball with which plaintiff and his friends were playing was kicked toward Keystone Street. The plaintiff chased the ball onto Keystone Street and was struck by the right front bumper of defendant's car.

During the course of the trial, defendant gave several variations of what occurred. Defendant testified that he saw plaintiff when he (plaintiff) was running toward him. At another time during the trial, defendant stated he saw plaintiff when he was sliding toward the car. Defendant later gave testimony on direct examination that he first saw plaintiff when plaintiff came in contact with the car. On further testimony, defendant stated that the first time he realized an impact had occurred between his car and plaintiff was after he left his car and heard the plaintiff screaming and saw the wheel of the car on plaintiff's foot.

At the close of defendant's case, he renewed his motion for a directed verdict. Defendant claimed plaintiff had not proved a prima facie case of negligence. The trial court sustained defendant's motion and ruled that as a matter of law defendant was not guilty of negligence.

Plaintiff maintains on appeal that the trial court erred in directing a verdict in favor of defendant and against the minor plaintiff. We agree.

The standard to be followed by trial courts in directing verdicts was rendered in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504. The *Pedrick* court stated:

"In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick*, 37 Ill. 2d 494, 510.

In the present case, defendant testified that on the date of the occurrence he observed 12 to 15 children playing near the area of the accident. Prior to that day, defendant testified, he had driven on Keystone Street daily. The minor plaintiff also testified that he played on the lot east of Keystone Street every day.

It can be inferred from the testimony of both parties that prior to the date of the accident defendant was aware of children playing on the lot east of Keystone Street.

It is not clear from defendant's testimony at what point he first saw

plaintiff. During the trial court proceedings, defendant's testimony was contradictory and confusing, thus, leaving the actual facts vague.

A court in directing a verdict for defendant or a motion for judgment notwithstanding the verdict should decide whether there was any competent evidence, standing alone and taken with all reasonable inferences, viewed in a light most favorable to plaintiff from which the jury might reasonably find negligence on the part of defendant. *Stowers v. Carp* (1961), 29 Ill. App. 2d 52, 63, 172 N.E.2d 370, 375.

It is clear that in examining the testimony of both parties substantial questions of fact remain undecided. Therefore, under the circumstances of the case before us, we cannot say that all of the evidence, when viewed in its most favorable aspect to plaintiff, so overwhelmingly favors defendant that a contrary verdict could not stand.

For the above reasons, we find that the trial court erred in directing a verdict in favor of defendant and against the minor plaintiff.

Plaintiff next contends the finding of the trial court that defendant was not guilty of negligence as a matter of law was erroneous. We agree.

The plaintiff in this case is a minor and the law states that where children could reasonably be expected to be in the vicinity a degree of vigilance commensurate with the greater hazard children present is required of a driver of a motor vehicle. (*Stowers v. Carp* (1961), 29 Ill. App. 2d 52, 64, 172 N.E.2d 370, 375.) Defendant testified that he was on Keystone and Maypole Streets on a daily basis prior to the accident. He also testified that he had, on occasion, seen the lot where the plaintiff played. Plaintiff testified at trial that he played on the lot every day. From the evidence in the present case, children could reasonably be expected to be in the vicinity of defendant motorist.

It was not clear from defendant's testimony when he first saw the plaintiff, but defendant at one point testified that he was not aware of the minor plaintiff until he got out of his car and heard the child screaming. Even if this was the first time he saw plaintiff, it does not necessarily excuse him from liability. The *Stowers* court stated:

> "[I]f the driver has knowledge or should, under the circumstances, have had knowledge of their presence he may in a particular case be liable even though he did not see the child in time to prevent the injury; ordinarily whether a driver should, under the circumstances, have been alerted to the necessity of looking for the presence of children is one of fact for the jury to solve as well as whether the duty, if it arose, has been properly performed: [Citations]." (*Stowers*, 29 Ill. App. 2d 52, 65.)

It is ordinarily a question of fact for the jury to decide when children are present whether the driver's conduct measures up to that of an ordinary

prudent driver or whether a lack of due care by him caused the accident. *Stowers*, at 64.

At the time of the accident, testimony was given that defendant was operating his vehicle at approximately 10 m.p.h., a reasonable rate of speed. It is true, as plaintiff contends, that defendant is not free of negligence as a matter of law, even though he drove at a reasonable rate of speed, but, rather, liability is a matter to be determined by the jury from the facts in evidence. *Strasma v. Lemke* (1969), 111 Ill. App. 2d 377, 381-82, 250 N.E.2d 305, 307.

■■ Although defendant contends he was driving at a reasonable rate of speed, it is a question properly reserved for the jury whether as a motorist he has met the standard of care in light of the peculiar circumstances. *Hall v. Randell* (1975), 26 Ill. App. 3d 505, 508, 325 N.E.2d 710, 713.

Therefore, under the circumstances, we cannot say that defendant was free of negligence as a matter of law, and it is a question that should have gone to the jury.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

ROMITI and LINN, JJ., concur.