JAMES ELEOPOULOS, a Minor, by Margaret Eleopoulos, his Mother and Next Friend, Plaintiff-Appellant, *v.* JOHN DZAKOVICH, Defendant-Appellee.

First District (4th Division)    No. 80-208

Opinion filed March 19, 1981.

596

John S. Adler, of John D. Hayes & Associates, Ltd., of Chicago, for appellant.

Jacobs, Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll and John D. Daniels, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

This action was brought by Margaret Eleopoulos on behalf of her minor son, James Eleopoulos, to recover damages for personal injuries which he sustained as a result of the alleged negligent operation of an automobile by the defendant, John Dzakovich. The jury rendered a verdict in favor of the defendant and the court entered judgment accordingly. The plaintiff appeals, contending that the trial court erred in: (1) denying his motion for a new trial because the jury's verdict was against the manifest weight of the evidence; (2) excluding certain testimony relevant to the defendant's duty to exercise ordinary care; (3) refusing to admit into evidence a photograph depicting the interior of a car similar to that driven by the defendant; and (4) refusing to give an instruction tendered by the plaintiff and instead giving a modified version of that instruction.

The defendant testified that on June 14, 1973, he was driving his father's car north on Cicero Avenue. Karen Mason (formerly Karen Bracharz), was in the passenger seat. The defendant made a left turn onto Hutchinson. There were cars parked along both curbs on Hutchinson, which is a narrow one-way street. As he made the turn, he was going approximately 5 to 10 miles per hour. About 68 to 70 feet from the corner, the defendant stopped his car because he saw another car pulling out of a parking space. The driver waved him on and he accelerated to roughly 10 miles per hour. The defendant did not recall seeing any children in the area.

At some point, as the defendant was traveling down Hutchinson, he saw the minor plaintiff. The boy was on a bicycle and was traveling south from an alley crossing Hutchinson. He was 10 to 15 feet in front of the defendant when the defendant first saw him. The defendant stepped on the brakes and estimated that it took him one to two seconds to stop the car. He felt no impact and did not believe that the car struck the boy or the bike.

The defendant stated that he was driving with both hands on the wheel and was looking straight ahead. His vision was not obstructed and he never took his eyes off the road.

Karen Mason testified that on June 14, 1973, she was with the defendant in the defendant's car. They were northbound on Cicero Avenue. The defendant made a left turn onto Hutchinson. The witness did not remember whether there was a car pulling out of a parking space, but stated that the defendant was driving very slowly. They were traveling down the middle of the street and there were cars parked on both sides. The witness saw no children playing in the area. She then saw a boy on a bicycle in front of the car. The car was going 5 to 10 miles per hour at that time. She did not recall whether the bicycle was traveling faster than the car. She warned the defendant and the defendant applied the brakes. The car came to a sudden stop.

The witness testified that at some time after the car turned onto Hutchinson but prior to the collision, she was looking in the glove compartment. She did not recall what she was looking for or where the car was in relation to the alley. She stated that there was nothing the defendant could have done to avoid the accident. The witness said that she gave a statement at an earlier time when her recollection of the incident was better than her present memory. In her prior statement, which was read to the jury, she stated that the defendant slowed down because there was a car pulling out of a parking area. She and the defendant were proceeding slowly down Hutchinson when a small boy on a bike darted out of the alley. She thought the boy was going much faster than the car.

The plaintiff then read to the jury the evidence deposition of John Sykes. Sykes stated that on the day of the accident he parked his car on Hutchinson Street. After purchasing a newspaper, he returned to his car and started to pull out of the parking space. He stopped when he saw a car making a left turn onto Hutchinson. The car was going approximately 10 to 15 miles per hour. If he had not stopped, there would have been an accident. Sykes stated that the car passed him and then stopped suddenly at the alley. He heard the brakes squeal. Sykes looked through the windshield of his car and saw the plaintiff lying in the street. He did not actually see the defendant's car hit the plaintiff.

Charles Filipek testified that on June 14, 1973, he was walking south through an alley that opened out onto Hutchinson Street. A boy on a bicycle came from behind and passed him. As the boy passed, he said, "gang way," or "get out of the way." He went out into the street without slowing and without looking in either direction. The boy was moving quickly on the bicycle. Filipek stated that he saw the defendant's car a split second before the accident. The car was traveling between 15 and 20

miles per hour. The left front end of the car struck the bike. Filipek was unable to tell if the boy was hit or if he was falling when the car hit the bicycle. The car appeared to stop "on a dime." Filipek stated that in his opinion, there was nothing the driver could have done to prevent the accident.

The minor plaintiff testified that at the time of the accident he was 5½ years old. He rode his bicycle out of an alley into the street without stopping or looking. He was riding "kind of fast."

The plaintiff first contends that the jury's verdict was against the manifest weight of the evidence. He argues that the evidence clearly shows that the defendant operated his vehicle at a rate of speed too fast for conditions and that he failed to keep a proper lookout.

A court of review will not disturb the findings of the jury unless the verdict is against the manifest weight of the evidence. (*Spankroy v. Alesky* (1977), 45 Ill. App. 3d 432, 359 N.E.2d 1078.) Manifest weight has been described as meaning the "clearly evident, plain and indisputable weight of the evidence." (*Gettemy v. Grgula* (1975), 25 Ill. App. 3d 625, 628, 323 N.E.2d 628, 630.) Because it is the jury's function to determine the weight and credibility of conflicting evidence, a reviewing court will not set aside a verdict rendered upon conflicting testimony. *Spankroy.*

In arguing that the defendant failed to exercise the degree of care required under the circumstances, the plaintiff cites *Cooper v. Miller* (1978), 67 Ill. App. 3d 349, 384 N.E.2d 919, for the proposition that the defendant must exercise a higher degree of care where children could reasonably be expected to be present. The plaintiff points out that the accident occurred on a warm, sunny afternoon in a residential area. He argues that this fact, coupled with the defendant's testimony that he had been in the area before, should have alerted the defendant to the necessity of looking out for children.

■■■ We are not convinced that these circumstances alone were sufficient to alert the defendant to the possible presence of children in the area and therefore trigger the higher degree of care delineated in *Cooper*. It is apparent that the court in *Cooper* relied heavily on the fact that the defendant actually saw children playing in the area immediately prior to the accident. This fact is not present in the instant appeal. Moreover, the mere happening of an accident does not raise a presumption of negligence on the part of the driver even when he is aware that there are children in the vicinity. (*Stilfield v. Iowa-Illinois Gas & Electric Co.* (1960), 25 Ill. App. 2d 478, 167 N.E.2d 295.) The plaintiff still bears the burden of proving that the accident occurred as a result of the defendant's lack of due care. (*Hayes v. Alsburg* (1977), 52 Ill. App. 3d 355, 367 N.E.2d 568, aff'd (1978), 72 Ill. 2d 560, 382 N.E.2d 239.) As the court stated in *Morrison v. Flowers* (1923), 308 Ill. 189, 197, 139 N.E.2d 10, 13:

"When a motor vehicle is proceeding along at a lawful speed and is obeying all the requirements of the law of the road and all the regulations for operation of such machine, the driver is not, as a general proposition, liable for injuries received by a child who darts in front of the machine so suddenly that its driver cannot stop or otherwise avoid the injury * * *."

The record shows that the minor plaintiff was riding quickly when his bicycle went out into the street. The plaintiff testified that he was going "kind of fast." Karen Mason gave a statement in which she said she thought the plaintiff was going much faster than the car. Charles Filipek testified that the plaintiff was moving quickly on the bicycle and that he went forward into the street without slowing down.

■■ The defendant testified that he was looking straight ahead and had both hands on the wheel when he saw the plaintiff come out of the alley. Filipek, who was in the alley at the time, stated that the car was able to stop "on a dime." The other witnesses testified that the car came to an immediate stop, thus supporting the defendant's contention that he was keeping a proper lookout. Also, Charles Filipek and Karen Mason both testified that in their opinion there was nothing the defendant could have done to avoid the accident. We feel that this evidence is sufficient to support the jury's determination that the defendant was exercising due care by keeping a proper lookout.

The plaintiff then contends that the defendant was operating his car at a speed too fast for conditions. The estimates as to the speed of the car as it traveled down Hutchinson ranged from 5 to 20 miles per hour.

■■ Whether the defendant was proceeding at a reasonable rate of speed is a question of fact properly reserved to the jury. (*Cooper v. Miller* (1978), 67 Ill. App. 3d 349, 384 N.E.2d 919.) Although the speed estimates varied, the witnesses who actually saw the collision agreed that the defendant was able to stop the car immediately. Charles Filipek, who gave the highest speed estimate, admitted that he had seen the car only a split second before the accident. He also testified that the car was able to stop "on a dime" and that there was nothing the defendant could have done to prevent the accident. In light of this testimony, we cannot conclude that the jury's verdict is against the manifest weight of the evidence.

The plaintiff next contends that the trial court erred in excluding testimony relevant to the defendant's duty to exercise ordinary care. Karen Mason testified that at some point while the car was traveling on Hutchinson, she was looking for something in the glove compartment. When she could not find the object, she asked the defendant to help her look for it. The defendant then looked into the glove compartment. Mason could not remember where the car was in relation to the alley

when this incident occurred. The court excluded the testimony on the grounds that it was too remote to have probative value.

■■■ The admissibility of evidence concerning a party's conduct prior to an accident turns on the degree to which the evidence tends to show what actually or probably occurred at the time of the collision. (*Klavine v. Hair* (1975), 29 Ill. App. 3d 483, 331 N.E.2d 355.) The trial court has the discretion to admit such evidence where the facts and circumstances support a reasonable inference that the conduct testified to continued from the point of observation to the place of the collision. (*Brown v. Nale* (1969), 106 Ill. App. 2d 238, 245 N.E.2d 9.) A court of review will not interfere with the trial court's exclusion of evidence on the ground of remoteness unless it constitutes a clear abuse of discretion. (*Schneider v. Wedding* (1965), 66 Ill. App. 2d 7, 213 N.E.2d 624.) It is not considered error to exclude testimony which, in the judgment of the trial court, does not reasonably bear upon the specific issue under consideration. *Hanck v. Ruan Transport Corp.* (1954), 3 Ill. App. 2d 372, 122 N.E.2d 445.

■■ The issue here is whether the defendant was keeping a proper lookout at the time he reached the alley where the collision occurred. The evidence establishes that about midway between the corner of Hutchinson and the alley, the defendant stopped or slowed his car when he saw another car pulling out of a parking space. He then proceeded to the alley where the accident took place. Although asked several times, the witness could not remember whether the incident involving the glove compartment occurred before or after the defendant saw and reacted to the car pulling out. Because the plaintiff could not connect this testimony to the relevant time frame, we do not believe that the trial court erred in excluding it.

The plaintiff also contends that the trial court erred in refusing to admit a photograph depicting the interior of a car similar to the one driven by the defendant. Specifically, the photograph showed the glove compartment. The exclusion of this photograph was consistent with the court's ruling that testimony concerning the defendant looking into the glove compartment was not probative. Because we feel that this ruling was within the court's discretion, we conclude that exclusion of the photograph was also proper.

The plaintiff's last contention is that the trial court erred in refusing to give Illinois Pattern Jury Instruction 11.03. (Illinois Pattern Jury Instructions, Civil, No. 11.03 (2d ed. 1971) (hereinafter cited as IPI).) The court instead gave the following modified version:

> "You must not consider the question of whether there was contributory negligence on the part of James Eleopoulos because, under the law, a child of the age of James Eleopoulos is incapable of contributory negligence. *However, if you find that the conduct of*

*the child was the sole, proximate cause of the occurrence, then you should find for the defendant."* (Emphasis added.)

The first sentence is IPI Civil No. 11.03 verbatim; the second sentence, which is emphasized, was added by the court.

The defendant objected to the instruction as originally tendered by the plaintiff on the grounds that contributory negligence was not in issue. The court then decided to give the modified version of the instruction.

We do not believe that the instruction as originally tendered or as modified should have been given. Ordinarily, the need for a contributory negligence instruction arises because the burden of proof instruction, IPI Civil No. 21.02, states that the plaintiff must prove that he was using ordinary care. That instruction is followed with the definition of ordinary care, IPI Civil No. 10.03, which states that the plaintiff has the duty to be free from contributory negligence. Contributory negligence is then defined in IPI Civil No. 11.01. In the instant cause, the burden of proof instruction, as properly submitted, does not require the plaintiff to prove ordinary care because as a matter of law a child under seven years of age is incapable of contributory negligence. Contributory negligence was therefore not in issue.

■■ The problem arises here in that the plaintiff was not entitled to the instruction which he submitted. The court, in an effort to clarify the matter somewhat to the jury, added an explanatory sentence. The plaintiff does not contend that the modified instruction is an improper statement of the law. Rather, he claims that it was misleading because it argued the defendant's cause before the jury. The plaintiff does not argue specifically how the jury was misled, and we are unable to see how the instruction argued the defendant's cause. The plaintiff further claims that the instruction was duplicative or repetitious because the jury had already been instructed on the burden of proof, the defendant's duty, and negligence. We see the instruction as extraneous to the issues but do not believe that it could have affected the jury's verdict. Under the circumstances, any error which may have occurred as a result of giving this instruction was harmless.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

ROMITI, P. J., and JOHNSON, J., concur.